699 P.2d 30

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Carl HARRISON, Defendant-Appellant.**

No. 14618.

Court of Appeals of Idaho.

May 1, 1985.

Petition for Review
Denied July 31, 1985.

David Z. Nevin, Alan E. Trimming (argued), Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

BURNETT, Judge.

Carl Harrison has appealed a judgment of conviction imposing sentences of imprisonment for three felonies: obtaining money under false pretenses, forgery and unlawful sale of a security. Harrison pled guilty to these offenses and to being a persistent violator of the law. He received an indeterminate sentence of eighteen years for each crime, all sentences to be served concurrently. The sole issue on appeal is whether the sentences are excessive. For reasons explained below, we hold that they are not.

■ Prefatorily we note that the sentences are within statutory limits. When a defendant is adjudicated a persistent violator, he may receive a penalty up to life imprisonment for the offense(s) that have brought him before the court. I.C. § 19–2514. The next inquiry is whether the sentences, although authorized by statute, are excessive upon the facts of the case. An appellant has the burden of showing a clear abuse of sentencing discretion. *E.g., State v. Delin,* 102 Idaho 151, 627 P.2d 330 (1981). The concept of abuse of discretion embodies a standard of reasonableness.

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

*State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *Id.* at 569, 650 P.2d at 711. Idaho Code § 20–223, which presently allows a persistent violator to be considered for parole in five years, is not a "contrary" statute in the sense denoted by *Toohill. See State v. Jenkins,* 105 Idaho 166, 667 P.2d 269 (Ct.App.1983). Thus, for the purpose of appellate review, but not as a prediction of parole, we will treat Harrison's actual term of confinement in this case as one-third of his concurrent, eighteen-year sentences. Thus, the question is whether confinement for at least six years is reasonable.

■ When evaluating a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, the offenses were not violent. In lay parlance, they would be characterized as "white collar crimes." The courts can, and should, recognize a distinction between violent and nonviolent offenses when considering whether to impose sentences of imprisonment. I.C. § 19–2521. But the label

"white collar crime" does not, by itself, immunize an offender from a penalty of confinement. When such crimes cause serious hardship for the victims or reflect a fundamental disregard for the law, a substantial period of incarceration may be appropriate.

In this case, Harrison's offenses resulted in financial losses by victims of approximately $19,680. Harrison has a history of this type of activity, dating back to 1966 when he was first convicted of embezzlement. He was then placed on probation. In 1968 he was convicted of mail fraud, conspiracy and fraud in sales of securities. His earlier probation was revoked and he was sentenced to five years. He actually served eleven months. In the late 1970's he embarked upon schemes that led to the present offenses. In the words of the district judge, Harrison had engaged in a "life style of dishonesty."

Harrison claims to suffer from mental illness. He experienced a nervous "breakdown" while in the armed forces during the 1950's. He takes prescription tranquilizers. He receives disability compensation from the military. However, his doctor informed the presentence investigator that Harrison's recent health problems appeared to be "characterological," growing out of financial and marital difficulties. Harrison's medical records indicated that he had obtained tranquilizer prescriptions from four different doctors and had been inconsistent in keeping medical appointments. The district judge did not conclude, nor do we, that Harrison's mental condition diminished his criminal responsibility or made imprisonment an inappropriate sentencing choice.

Both the judge and the presentence investigator noted that Harrison was unlikely to succeed at probation. They, too, noted his failure to keep appointments. In fact, a bench warrant was issued to compel Harrison to appear for sentencing. The court also noted Harrison's failure to make restitution under a monthly payment program established before the sentences in this case were imposed.

In sum, we believe the sentences were rigorous but imposed for sound reasons. It appears, unhappily, that society must be protected from Harrison's established pattern of conduct by confining him. A minimum of six years is not unreasonable in light of the circumstances portrayed by the record in this case. We conclude that the district judge did not abuse his sentencing discretion.

The judgment of conviction is affirmed.

SWANSTROM, J., and McFADDEN, J. Pro Tem., concur.