727 P.2d 1272

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Shane HATHAWAY, Defendant-Appellant.**

No. 16341.

Court of Appeals of Idaho.

Oct. 30, 1986.

Dennis R. Byington, Burley, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Pursuant to a plea bargain, Shane Hathaway pled guilty to grand theft. The state recommended a three-year suspended sentence with forty days served in the county jail. The court gave Hathaway a three-year indeterminate sentence and retained jurisdiction for 120 days. The court later extended jurisdiction another sixty days and sent Hathaway to the Alcohol Treatment Unit in Orofino. Upon receipt of the North Idaho Correctional Institute (NICI) evaluation report concerning Hathaway's performance during the period of retained jurisdiction, the court relinquished jurisdiction and ordered imprisonment instead of probation. Hathaway appeals, arguing that the court abused its discretion in im-

posing a sentence of imprisonment. He asks that we modify the sentence to allow his release on probation. We affirm the sentence of imprisonment.

▊ Hathaway's appeal presents two separate contentions: (1) that the court improperly imposed imprisonment instead of probation; and (2) that the three-year indeterminate sentence was unduly harsh. The court's decision between imprisonment and probation is one of discretion, *State v. Chapel,* 107 Idaho 193, 687 P.2d 583 (Ct. App.1984), and will not be disturbed absent a showing by Hathaway of an abuse of discretion. *State v. Bowman,* 106 Idaho 446, 680 P.2d 868 (Ct.App.1984). The district court's determination and our review must focus on the criteria in I.C. § 19–2521, examining the nature of the offense, the facts of the case, and Hathaway's background and character. I.C. § 19–2521; *State v. Spurgeon,* 107 Idaho 175, 687 P.2d 19 (Ct.App.1984).

In March, 1985, while under the influence of alcohol, Hathaway stole a motorcycle. The motorcycle was ultimately returned to its owner in substantially the same condition as when it was taken. No force or threat of bodily injury was evident. However, that factor alone does not justify probation. The owner of the property neither induced nor facilitated the theft, and Hathaway gave no satisfactory excuse for the crime. Nor was it the first time Hathaway found himself in this type of situation. The presentence report showed a previous conviction of second degree theft, also committed while under the influence of alcohol. While probation was completed successfully in that instance, the ultimate goal of rehabilitation obviously was not achieved.

The record shows Hathaway to be a young man with an eighth grade education and a long history of alcohol use. He is susceptible to peer manipulation. Both the presentence report and the NICI evaluation spoke of his low-normal intelligence level, short attention span, and personal insecurity. Hathaway acknowledged his alcohol dependency and requested an opportunity to alleviate the problem. He has been involved in both mandatory and voluntary alcohol rehabilitation programs since commission of the instant theft. He showed no hostility or open rebellion during the period of retained jurisdiction. He participated to some extent in the mandatory programs. However, in listing the criteria considered in sentencing, the lower court showed concern for Hathaway's inability to abstain from alcohol. Hathaway's statements to the court as well as his actions during the period of retained jurisdiction indicate a lack of self-discipline with respect to alcohol even while under treatment and active supervision. Hathaway appears to underestimate the serious degree of his problem. He admitted having had a drink just one week prior to his sentencing simply to "kick back and relax." Two months is the longest period he has abstained from alcohol.

▊ It is true that the court did not ultimately follow the plea bargain recommendations, nor was it bound to. *See State v. Chapel, supra.* The recommendation was exceeded only after the court had all the information necessary for an informed decision. When the court retained jurisdiction over Hathaway, it expressly told him that if he applied himself to successful completion of the mandated programs, he would "very likely" receive probation. But, as the NICI report indicated, his behavior was more of toleration than active rehabilitation. Hathaway failed to demonstrate an ability to control his drinking propensities, and he never completed the Orofino program. His performance was such that the NICI could recommend probation only under numerous strict conditions. Upon this record the district court reasonably could view the chances for successful probation as slim.

▊ Hathaway argues that he could have complied with the probation requirements, but that he was not mentally equipped to survive in the environment of the Cottonwood or Orofino programs. The retained jurisdiction program is structured to evaluate, as accurately as possible, a defendant's potential for rehabilitation. It

846

is designed to prepare a defendant for a successful probation. The Orofino program had closely related goals, to equip Hathaway to deal with his alcohol problem after his release from confinement. In deciding whether Hathaway was a suitable candidate for probation, the sentencing court was entitled to rely upon the evaluations by professionals in programs such as these. We hold that it was not unreasonable for the court to expect Hathaway to successfully complete these programs before being released on probation.

While imprisonment is more harsh than the sentence envisioned by the plea bargain, it comes as the result of proper consideration by the court of the appropriate criteria under I.C. § 19–2521, the available information, and Hathaway's performance during the period of retained jurisdiction. We hold that the district court did not abuse its discretion by imposing a term of imprisonment instead of probation. Nor do we view the decision to relinquish jurisdiction as an abandonment of the goal of rehabilitation. The indeterminate sentence of imprisonment will permit Hathaway to benefit from prison programs for alcohol abusers, and it offers Hathaway the incentive of possible parole.

■ Finally, as to the length of the three-year sentence, our review of the record in light of the criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), shows the length of the sentence to be reasonable. We conclude that the court did not abuse its sentencing discretion. The sentence is affirmed.

WALTERS, C.J., and BURNETT, J., concur.