733 P.2d 793
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jack B. ALLISON,
Defendant-Appellant.**

**No. 16321.**

Court of Appeals of Idaho.

Feb. 11, 1987.

Dannis M. Adamson, Jerome, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

The sole issue in this appeal is whether a magistrate abused his discretion in requiring the appellant, Jack Allison, to serve two days incarceration for operating a motor vehicle without liability insurance. We affirm the sentence.

On the night of October 31, 1984, Allison was driving through a residential area in

the city of Jerome when his vehicle struck a young pedestrian. The subsequent investigation revealed that the vehicle was not covered by liability insurance and that Allison did not have a valid driver's license. Allison pled guilty to a charge of failing to maintain liability insurance. Initially, his sentence included a $300 fine and twenty-five days in jail, twenty-three of which were suspended. He was to be on probation for one year, perform fifty hours of community service and commit no driving violations.

Allison moved for reconsideration of the sentence, asking for probation in lieu of the two days in jail. The magistrate then amended the sentence by vacating the requirement of community service, the probation and the suspended jail sentence. However, the judge refused to modify the two-day jail term. The amended sentence was affirmed by the district court on appeal.

On this appeal from the district court's affirmance, Allison does not object to a fine nor to a sentence that would require probation with conditions. He challenges only the propriety of a sentence that requires incarceration. He argues that the magistrate gave inadequate consideration to the sentencing criteria in I.C. § 19–2521 and placed excessive weight on the existence of a "victim" and her injuries.

When reviewing a district court's decision rendered in that court's appellate capacity, we review the record before the magistrate independently of the district court's determination. *First Interstate Bank of Idaho, N.A. v. West*, 107 Idaho 851, 693 P.2d 1053 (1984). The decision to impose either imprisonment or probation lies within the magistrate's sound discretion and will not be disturbed absent a showing of an abuse of discretion. *State v. Hathaway*, 111 Idaho 844, 727 P.2d 1272 (Ct.App.1986). Where discretion has been exercised properly in the trial court, we will not superimpose our own discretion for that of the magistrate. Appellate review of judicial discretion should not be result-oriented. *Sheets v. Agro-West, Inc.*, 104 Idaho 880, 664 P.2d 787 (Ct.App.1983). Instead our focus should be upon the process by which the judge reached his decision. *Id.*

In the context of sentencing, where probation is a reasonable option available to the court, a judge's discretion involves recognition and application of the principles set forth in I.C. § 19–2521. *State v. Spurgeon*, 107 Idaho 175, 687 P.2d 19 (Ct.App. 1984). This statute requires the court to

> deal with a person who has been convicted of a crime without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, it is of the opinion that imprisonment is appropriate for protection of the public because: [one or more of the enumerated factors exist]....

Accordingly, we begin by examining the nature and circumstances of the offense and the background and character of the accused.

Here, Allison was charged with failure to maintain motor vehicle liability insurance in violation of I.C. § 49–233. This statute evinces the Legislature's intent to provide some measure of economic protection in the event of a vehicular accident. Allison pled guilty to the charge and has not sought to withdraw his plea. The circumstances surrounding the violation indicate that Allison maintained an apathetic outlook toward his insurance status. Initially, the motor vehicle was insured in compliance with state law. Over a two-month period, an insurance agent gave Allison several verbal warnings that unless Allison renewed his expired driver's license, the liability insurance would be cancelled. While Allison made the second payment on the insurance, he failed to renew his license. Approximately three months prior to the accident, the insurance company terminated coverage due to Allison's expired license. The record contains substantial evidence from which the magistrate could determine that Allison knew of his licensing status for at least three months prior to the accident, knew the insurance was cancelled because

of his licensing status, and knowingly failed to correct the problem until six weeks after the accident.

On the other hand, Allison's background and outstanding character are undisputed in the record. He has no record of any previous offense or infraction and is a well-respected member of the community. At the hearing to "reconsider" the sentence, witnesses recounted Allison's hard-working, honest nature. Apparently, the initial sentence produced a number of telephone calls and letters to the court from local citizens attesting to Allison's exemplary reputation and dedication to the community and its residents.

Idaho Code § 19–2521 outlines criteria to be considered in the choice between incarceration and probation. The magistrate gave express consideration to each factor, apportioning weight among those supporting his decision and those lacking relevance or mitigating against it. He gave significant weight to the serious nature of the violation, needlessly aggravated by Allison's unjustified delay in renewing his driver's license. The record shows thorough, well-reasoned treatment of the statutory criteria and relevant factual circumstances. Any differing opinion we may hold concerning the apportionment of weight among the factors will not be substituted for the magistrate's determination. *State v. Burroughs,* 107 Idaho 195, 687 P.2d 585 (Ct. App.1984).

■ Allison challenges the magistrate's emphasis on deterring others through Allison's incarceration. However, as one of several valid sentencing objectives, general deterrence is a sufficient basis for imposition of a period of incarceration. *State v. Adams,* 99 Idaho 75, 577 P.2d 1123 (1978). Ample evidence exists to support the magistrate's belief that Allison's incarceration would serve the deterrence objective.

Allison further charges that the magistrate gave improper, excessive consideration to the existence of a "victim." He contends that the sole victims under the insurance statute are society and the general public, making the magistrate's consid-

eration of the pedestrian and her injuries improper. If the lower court's discretionary decision were based on an erroneous fact or legal principle, we would remand the case for reconsideration on the proper basis. *State v. Morgan,* 109 Idaho 1040, 712 P.2d 741 (Ct.App.1985). However, our review of the record indicates that there was no undue reliance on the existence of a particular "victim." The magistrate recognized that there had been no adjudication of fault as to the accident in this case; consequently, it was not clear that any specific "victim" existed. Rather, the magistrate's emphasis was on the societal interest underlying the insurance statute. To the magistrate, the pedestrian exemplified a member of society whose protection was sought through enactment of the statute. We hold that the societal protection factor was not improperly considered.

■ The magistrate's decision to require incarceration for two days stems from a reasonable application of the criteria in I.C. § 19–2521 and is well-supported by the record. Accordingly, Allison has failed to show an abuse of discretion.

The sentence is affirmed.

WALTERS, C.J., and BURNETT, J., concur.