782 P.2d 48

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Oscar L. CROMER and Darlene O. Cromer, Defendants–Appellants.**

No: 17754.

Court of Appeals of Idaho.

Oct. 30, 1989.

Brower & Callery, Lewiston, for defendants-appellants. Thomas W. Callery argued.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman and Jack B. Haycock (argued), Deputy Attys. Gen., Boise, for plaintiff-respondent.

**926**

BURNETT, Judge.

This is a sentence review case. Oscar and Darlene Cromer stand convicted of committing a grand theft by defrauding an insurance company of $168,453. Each of them received a withheld judgment, coupled with probation for ten years and an obligation to pay restitution. As a condition of probation, the district court ordered Mr. Cromer to spend one year in jail, subject to work release. Viewing Mrs. Cromer as having played a lesser role in the crime, the court ordered her to spend six months in jail, with an allowance of release for college study. In this appeal, Mr. and Mrs. Cromer have argued that the terms of probation and jail confinement are unduly harsh. We affirm the district court's order.

Grand theft is a felony carrying a maximum penalty of imprisonment for fourteen years. I.C. § 18–2408. Where punishment is within the statutory limit, we will not reverse it unless an abuse of discretion is shown. A sentence may represent an abuse of discretion if it is unreasonable upon the facts of the particular case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). Here, we find no such abuse in the district court's decision to impose probation for ten years. The term of probation is reasonably related to the time which may be required to perform the restitution obligation. If restitution is earlier completed, the district court's order provides for early discharge of the probation.

We now turn to the question of jail confinement. This crime occurred prior to the enactment of the Unified Sentencing Act, I.C. § 19–2513 (effective February 1, 1987). Accordingly, in evaluating the reasonableness of confinement, we apply the substantive criteria set forth in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

Our review encompasses the nature of the offense and the character of the offender(s). *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). In this case the offense occurred when the Cromers, facing dire financial straits, set fire to their home and collected $168,453 in insurance proceeds. Neither of the Cromers had a prior criminal record (excluding Mr. Cromer's minor traffic violations). Both appeared to be well respected in their community. The district judge considered these factors but noted that the magnitude of the crime required incarceration. We do not believe that deprivation of liberty should be measured solely by the economic dimensions of a crime, particularly where a monetary loss is to be repaid through restitution. However, confinement may serve the goal of deterrence where crimes are economically motivated. The label "white collar crime" does not immunize offenders from penalties of confinement. *State v. Harrison,* 108 Idaho 324, 699 P.2d 30 (Ct.App.1985).

We hold that the relatively brief jail terms imposed in this case—coupled with authorization of work release and release for college study—were not excessive in relation to the legitimate purpose of deterrence. We conclude that, far from abusing his discretion, the judge tempered justice with mercy. The order of the district court is affirmed.

SWANSTROM, J., and HART, J. Pro Tem., concur.