803 P.2d 1025

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Paula BIVENS, Defendant–Appellant.**

No. 18307.

Court of Appeals of Idaho.

Jan. 9, 1991.

Thomas D. Kershaw, Jr. of May & May, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Paula Bivens was accused of embezzling funds from her employer, the United Way of Magic Valley. Bivens pled guilty to grand theft and was sentenced to the custody of the Board of Correction for seven years with a three-year minimum period of confinement. I.C. § 18–2407; I.C. § 18–2408. The district court also retained jurisdiction over Bivens for 120 days, to retain the option of granting probation during this initial period of incarceration, if the judge is satisfied by the Board's further evaluation of Bivens that probation is then warranted. On appeal, Bivens contends that the district judge erred when he considered the status of the victim as an aggravating factor justifying imprisonment. In addition, Bivens argues that any consideration of the status of the victim during sentencing violates the purpose and goals of criminal sentencing. For reasons explained below, we affirm the judgment of conviction.

Bivens was the secretary and bookkeeper at the United Way. While employed in this position, Bivens was accused of altering and cashing checks payable to and from her employer. The state initially charged Bivens with four counts of forgery and with two counts of grand theft. However, pursuant to a plea agreement, the state dismissed five of the six felony charges. In exchange, Bivens pled guilty to one count of grand theft. The state also agreed to recommend "straight probation." The district judge ignored the state's sentencing recommendation and instead ordered a period of incarceration, stating that a lesser sentence would depreciate the seriousness of the crime. Bivens now appeals from this sentencing decision.

Initially, we reiterate our standard of review. The decision whether to grant probation or impose imprisonment is left to the sound discretion of the sentencing court and that decision will not be overturned on appeal absent a clear of abuse of discretion. *State v. Spurgeon*, 107 Idaho 175, 687 P.2d 19 (Ct.App.1984).

We now turn to the first issue raised in this appeal. Bivens contends that the dis-

trict judge erred by considering the status of the victim, a charitable organization, as an aggravating factor justifying imprisonment pursuant to I.C. § 19–2521. More precisely, Bivens argues that it was improper for the district judge to consider the status of the victim because this factor is not specifically enumerated in I.C. § 19–2521. Bivens also asserts that *State v. Allison,* 112 Idaho 572, 733 P.2d 793 (Ct.App.1987), implicitly holds that if the sentencing court has unduly relied on the existence of a particular victim, the Court of Appeals will remand the case for reconsideration.

In imposing imprisonment in this case, the district judge relied upon the following enumerated aggravating factor: "A lesser sentence will depreciate the seriousness of the defendant's crime." I.C. § 19–2521(1)(c). In so doing, the district judge believed that embezzlers from public and charitable entities must be treated more harshly than embezzlers from private entities in order to restore and/or retain public confidence in these institutions. In addition, the gravity of this crime was increased due to the amount of money taken and Biven's tendency to minimize her guilt. In sum, the district judge relied upon these factors to conclude that imprisonment was necessary because a lesser sentence would depreciate the seriousness of the crime.

■ We find no error in the district judge's consideration of the status of the victim. It is well-established that a sentencing judge is entitled to consider a wide range of relevant evidence when deciding what the appropriate sentence for each defendant should be. *Sivak v. State,* 112 Idaho 197, 731 P.2d 192 (1986). Therefore, it was not improper for the district judge to consider this information when evaluating the seriousness of the crime. *See, e.g., State v. Harrison,* 108 Idaho 324, 699 P.2d 30 (Ct.App.1985) (when crimes cause serious hardship for the victims, a substantial period of incarceration may be appropriate); *State v. Stiffler,* 114 Idaho 935, 763 P.2d 308 (Ct.App.1988), *aff'd,* 117 Idaho 405, 788 P.2d 220 (1990) (though a female adolescent's precociousness may be irrele-vant to the charge of statutory rape, we believe such circumstances may properly be considered in imposing sentence).

As for *State v. Allison, supra,* we find the case unsupportive of Bivens' position. The defendant in *Allison* argued that the magistrate gave improper consideration to the existence of a victim. In that case, we held that "[i]f the lower court's discretionary decision were based on an erroneous fact or legal principle, we would remand the case for reconsideration on the proper basis." 112 Idaho at 574, 733 P.2d at 795. However, we never reached the question of whether a magistrate may consider the status of a victim when reviewing the criteria set forth in I.C. § 19–2521. We simply held that "there was no *undue* reliance on the existence of a particular 'victim.'" *Id.* (emphasis added).

■ This brings us to the second issue raised in this appeal. Bivens argues that a sentencing court may not consider the status of the victim during sentencing because this also violates the purpose and goals of criminal sentencing. We disagree. A fundamental sentencing principle is that a judge may properly conduct an inquiry broad in scope, largely unlimited, either as to the kind of information he may consider or the source from which it may come. *See State v. Johnson,* 101 Idaho 581, 618 P.2d 759 (1980). In addition, I.C. § 19–5306 provides statutory support for such a broad-based inquiry during sentencing. In the absence of the death penalty, a sentencing court may properly consider any victim impact statements contained in a presentence report during sentencing. *State v. Searcy,* 118 Idaho 632, 798 P.2d 914 (1990). Accordingly, we hold that the district judge's inquiry into the status of the victim is not inconsistent with the purpose and goals of criminal sentencing procedures.

The judgment of conviction and sentence are affirmed.