824 P.2d 170

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lawny BROWNING, Defendant–Appellant.**

No. 18680.

Court of Appeals of Idaho.

Jan. 6, 1992.

Petition for Review
Denied Sept. 22, 1992.

W. Brent Eames, Rexburg, for appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from a judgment of conviction entered upon a plea of guilty to lewd conduct with an eight-year old girl. We affirm.

## Procedural Background

Lawny Browning pled guilty to one count of lewd conduct with a minor under the age of sixteen. I.C. § 18–1508. Based on this plea, the district court sentenced Browning to serve thirty years in the custody of the Idaho State Board of Correction, including a mandatory term of fifteen years' incarceration. The court retained jurisdiction under I.C. § 19–2601(4) and ordered Browning confined for evaluation at North Idaho Correctional Institution (NICI). Browning subsequently filed written requests seeking to withdraw his plea of guilty and asking the court to reduce his sentence. Browning also moved to disqualify the district judge from hearing these motions and also to have the court appoint new counsel. The court denied these latter motions from the bench, and subsequently denied the motion for withdrawal of plea. After receiving the reports and recommendation from NICI, the court relinquished jurisdiction, allowing execution of the sentence. On consideration of Browning's motion for reduction of sentence, however, the court decided to reduce the fixed portion from fifteen to twelve years, for a total unified sentence of twenty-seven years.

On appeal, Browning asserts that the district court erred by (1) failing to properly determine that Browning's plea of guilty was voluntarily given; (2) refusing to disqualify itself from presiding over the proceedings; (3) failing to appoint substitute counsel; (4) refusing to strike certain information from the presentence report; and (5) imposing an unduly harsh sentence. We address these issues in turn.

### The Validity of the Plea

Browning initially was charged with seven counts of sexual intercourse with a child under the age of sixteen and six counts of lewd conduct with a minor. Pursuant to plea negotiations, the state agreed to dismiss twelve of the counts in exchange for Browning's plea of guilty to one count of lewd conduct. At the time of his plea, Browning admitted to touching the genital area of an eight-year old girl with the intent to gratify his sexual desire. This incident occurred on December 24, 1988, while Browning and his adult girlfriend were lying on the floor, naked, playing dominos. The girlfriend's eight-year old daughter cuddled up to Browning and began rubbing his penis against her genital area, until Browning became sexually aroused. When questioned by the district court as to why he had decided to plead guilty, Browning responded, "Because, your honor, things need to be done. The child needs to be helped and I need to be helped, and the fact that, the charge is true, it is absolutely true. It happened." Browning now seeks to set aside the plea on the grounds that it was given without his being informed of his constitutional right to confront his accuser or his right against self-incrimination. He also claims

he was not adequately informed of all the necessary elements of the charge against him.

When a defendant enters a plea of guilty, he waives several rights, among them the privilege against compulsory self-incrimination, the right to a jury trial and the right to confront his accusers. *State v. Carrasco*, 117 Idaho 295, 787 P.2d 281 (1990). These rights are fundamental, and their valid waiver will not be presumed but must be demonstrated by the record. *Carrasco, supra. See also* I.C.R. 11(c)(3). On review, the validity of a plea is determined by considering all relevant circumstances surrounding the plea contained in the record. *State v. Hawkins*, 117 Idaho 285, 787 P.2d 271 (1990).

At the plea hearing, the district court advised Browning that he would be giving up his right "to cross-examine any of those witnesses that could appear against you on behalf of the state." Browning correctly states that this reference, by itself, is inadequate to inform him of his Sixth Amendment right to confront the witnesses against him, irrespective of whether such witnesses are called to testify at trial. *See Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (right to confront is denied by introducing as evidence against an accused a statement by one who does not testify in court); *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (the right to cross examination is an *included* right of an accused's right to confront the witnesses against him). It is not necessary, however, that a defendant be advised of his rights contemporaneously with the giving of his plea. *Carrasco, supra.*

In this case, the record clearly shows that Browning's right to confront was thoroughly discussed at other times during the proceedings, after his arraignment but prior to his plea. Following the preliminary hearing, Browning moved for dismissal on grounds that his confrontation rights were violated by the state's introduc-

tion of hearsay evidence to prove out-of-court statements allegedly made by the victim. The court denied the motion, but explicitly informed Browning that it would make the requisite findings before ruling whether the victim would testify at trial, and that Browning's confrontation rights would be protected. Later, in arguing against the state's motion in limine to exclude Browning from the courtroom while the victim testified, Browning again asserted his right to confrontation, contending that he had the right to observe the demeanor of the witness. Based on this record, we find no merit in Browning's contention that he was uninformed of his right to confront his accuser.

Browning also claims that, although the court expressly informed him that the constitution protected him from being required to testify against himself, that he could remain silent at trial, and that the state would not be permitted to comment on his silence to the jury, he nonetheless was uninformed of his Fifth Amendment right against "self-incrimination."[1] We find this claim to be without merit and decline to address it here.

Browning additionally asserts that the district court erred in accepting his plea without ensuring that Browning understood both the nature of the charge to which he was pleading, and its elements. *See Henderson v. Morgan*, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Carrasco, supra;* I.C.R. 11(c)(4). Specifically, Browning argues that the court failed to ascertain whether he understood that intent to sexually gratify himself was a requisite element of the crime.

At the arraignment and again at the plea hearing, the district court read Browning the charging information, which specifically alleged that Browning acted with the intent to gratify his sexual desire. In taking the plea the court explicitly asked Browning if his touching the child was to satisfy a sexual desire. After stating that the girl had initiated the contact, Browning responded, "I suppose it would, yes." The

---

**1.** The language of the federal constitution provides, in relevant part, that no person "be compelled in any criminal case to be a witness against himself ..." U.S. CONST. amend. V.

record contains no showing or assertion that Browning was not conversant in the English language or that he did not have a normal intelligence and education. We hold, therefore, that Browning was adequately informed of the intent element of the crime. *Sparrow v. State,* 102 Idaho 60, 625 P.2d 414 (1981). Upon the record before us, including all inferences reasonably drawn from it, we conclude that Browning's plea of guilty was voluntarily given and therefore valid. Accordingly, we reject Browning's contentions to the contrary.

Motion to Disqualify the Presiding Judge

■ Browning also avers that the district court erred in denying his motion to disqualify the judge. Following his conviction and sentencing, but while the Rule 35 motion for reduction of sentence and the motion for withdrawal of plea were pending before the court, Browning sought to disqualify the judge on grounds of bias and prejudice. *See* I.C.R. 25(b)(4). Browning urges that we view the severity of his sentence as prima facie evidence of prejudice. He further submits that the civil action he filed against the state and some of its officials prejudiced the judge against his case. We are not persuaded.

> [W]hen faced with an I.C.R. 25(b)(4) motion to disqualify for bias and prejudice in a post conviction or I.C.R. 35 proceeding, the trial judge need only conclude that he can properly perform the legal analysis which the law requires of him, recognizing that he has already prejudged the case and has formed strong and lasting opinions regarding the worth of the defendant and the sentence that ought to be imposed to punish the defendant and to protect society.

*State v. Beam,* 115 Idaho 208, 215, 766 P.2d 678, 685 (1988), *cert. denied,* 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989). We find nothing in the record showing an impairment of the presiding judge's ability to properly perform the legal analysis required. Accordingly, we affirm the ruling denying Browning's motion to disqualify the judge.

Motion to Appoint Substitute Counsel

■ Browning also finds error in the district court's denial of his post-sentencing request for a different attorney. It is well settled that an indigent defendant has a right to court-appointed counsel. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *State v. Clayton,* 100 Idaho 896, 606 P.2d 1000 (1980); *see also* I.C. § 19–852(a); I.C.R. 44. An indigent's right to court-appointed counsel includes the right to effective assistance of counsel, but it does not necessarily include the right to counsel of one's own choosing. *Clayton,* at 897, 606 P.2d at 1001. However, at any stage in the proceeding, including appeal or other post-conviction proceeding, the court may, in its discretion, assign substitute counsel for good cause. I.C. § 19–856; *State v. McCabe,* 101 Idaho 727, 620 P.2d 300 (1980). Furthermore, an attorney of record may not withdraw from a case prior to its final disposition without leave of the court, which may be granted for good cause. I.C.R. 44.1. Of course, a defendant may, at any time, refuse the assistance of appointed counsel and conduct his own defense. *Clayton, supra.*

■ The record reveals that Browning previously had claimed ineffective assistance with respect to Forsberg, the county's contracted public defender, in an unrelated case. Consequently, the court chose to appoint Eames, a private practitioner, to represent Browning in this case. Browning expressed his continued satisfaction with Eames' representation until he was sentenced. Following the sentencing, Browning asked the court for new counsel. Contemporaneously with Browning's request, Eames sought leave to withdraw as counsel from the case based on the fact that Browning had filed a petition alleging ineffective assistance of counsel and had lodged a formal complaint with the bar association. Eames indicated that these complaints demonstrated his client's lack of confidence in him. However, Eames stated that he was prepared to argue the other matters pending before the court and could readily abide by the court's ruling.

Apart from his bald assertions of ineffective assistance, Browning has made no showing that his attorney was not compe-

tent. Absent extraordinary circumstances, mere lack of confidence in otherwise competent counsel is not necessarily grounds for substitution of counsel. *McCabe*, 101 Idaho at 729, 620 P.2d at 303. We find no such circumstances in this case and accordingly uphold the district court's exercise of discretion in denying the motion.

### Sentence Review

We next consider Browning's assertions that he received an unduly harsh sentence. Specifically, Browning asserts that (1) the district court erroneously considered hearsay statements and other inappropriate information contained in the presentence report, (2) the district court erred in ordering Browning incarcerated instead of allowing him to pursue treatment under a plan of probation, and (3) the duration of his reduced sentence was excessive.

1. *Contents of the Presentence Report.*
Browning argues that the district court erred in declining to delete several documents included in his presentence investigation report, and to which Browning objected at the sentencing hearing. First, Browning argues that a letter from a social worker, dated June 29, 1989, contained privileged "confidential communications" and should have been excluded under I.R.E. 518. We note that the rules of evidence pertaining to privileged communications apply at sentencing. *See* I.R.E. 101(c), (e)(3). Thus, it is error for a sentencing court to consider any confidential statements to which the holder of the privilege properly objects. In reviewing the letter, however, it is unclear what portion of its contents Browning finds objectionable. The letter merely chronicles the few contacts between the social worker and Browning and concludes with a reminder that it was Browning, rather than the social worker, who failed to pursue counseling. Moreover, Browning does not show that the inclusion of the letter affected his substantial rights. Absent a showing of prejudice, we hold that, even if the letter did contain privileged information improperly considered by the district court, such error was harmless. *See* I.C.R. 52; I.R.E. 103(a).

Browning also objects to the inclusion of a psychological diagnosis dated February 28, 1983 on the ground that it was unreliable and so remote in time as to be irrelevant. We disagree. Prior psychological evaluations and diagnoses often aid in establishing the history of the defendant's mental condition and may be relevant where, as here, the defendant's amenability to rehabilitative treatment is at issue. Accordingly, we find no error.

Finally, Browning asserts that the medical reports of Dr. Spaulding, who examined the child-victim, contained unreliable hearsay statements of the child and were improperly included in the presentence report. Browning claims that the court's improper consideration of these statements was prejudicial insofar as the court was influenced by them when it decided to impose such a severe sentence. Browning recognizes that I.C.R. 32(e)(1) permits the sentencing court to consider information of a hearsay nature which is included in the presentence report. However, he claims that under *State v. Wright,* the court's consideration of a child's hearsay statements is restricted. 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed 2d 638 (1990) *aff'g.* 116 Idaho 382, 775 P.2d 1224 (1989). Browning contends that in the absence of the procedural safeguards suggested in *Wright*—such as video-taping the child-doctor interview—the court was not permitted to consider the hearsay statements reported by Dr. Spaulding.

In *Wright*, the Supreme Court established procedural safeguards to protect an accused's *right to confrontation* when admitting into evidence *at trial* the out-of-court statements of a child-witness. However, *Wright* is inapplicable where, as here, the defendant has waived his right to trial and to confront the witnesses who otherwise would have been called by the state to establish Browning's guilt. Furthermore, the record shows that the district court actually *sustained* Browning's objection to the hearsay information at the sentencing hearing, explaining,

I think the Court can take this report from Dr. Spaulding and restrict it to the

physical findings on the child that would show that what Mr. Browning admitted doing shows up physically in the child and really the Court would have no problem disregarding any other statements that are made there or any other conclusions....

In view of this record, we find Browning's assignment of error to be without merit and we therefore reject it.

2. *The Reasonableness of Browning's Sentence.*

We next consider whether Browning's sentence was excessive. Browning pled guilty to one count of lewd conduct with a minor under the age of sixteen, for which he could have received a maximum penalty of life imprisonment. I.C. § 18–1508. Where a sentence is within the statutory limits, it will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989).

A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). In determining the reasonableness of the sentence we look to the probable length of confinement. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In Browning's case, this is twelve years, the minimum period of confinement imposed by the sentencing judge under the Unified Sentencing Act. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989).

When considering whether a period of confinement is reasonable, we employ the substantive criteria set out in *Toohill* and *Sanchez*: the protection of society, retribution, deterrence and rehabilitation. Under *Toohill*, a sentence longer than necessary to achieve these sentencing goals constitutes an abuse of discretion. We review a sentence in a given case, giving consideration to the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Browning argues that his modified sentence of twenty-seven years, including a mandatory prison term

of twelve years, was excessive in view of his passive participation in the offense. Browning's criminal act involved sexual contact with an eight-year old girl living in his home. The fact that he did not need to use physical force to accomplish this act does not diminish its seriousness or the emotional harm caused the victim.

The record portrays Browning as a forty-five year old man beset with instabilities. He related to the investigators preparing the presentence report that he was raised in a drunken, broken home. He acknowledged his own addiction to alcohol and reported using drugs in the past. The presentence report also contains Browning's own accounts of several additional sexual encounters with the victim in this case, although Browning maintains that these contacts were also initiated by the child. He also admits to previously molesting another child several years earlier. Browning's criminal record includes convictions for grand larceny, assault with intent to commit rape, and aggravated assault against a police officer. The transcript of the sentencing hearing evinces the consideration given to the sentencing objectives set forth in *Toohill*. Based on this record, we conclude that the sentence imposed, although harsh, did not represent an abuse of discretion.

Browning further argues that the court should have provided him an opportunity for rehabilitation by granting him probation, instead of ordering him incarcerated. We note that the court's choice between imprisonment and probation involves a discretionary determination, and will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Hathaway*, 111 Idaho 844, 727 P.2d 1272 (Ct.App.1986). During the period of retained jurisdiction, Browning was afforded an opportunity to obtain counseling in the sexual offender program at NICI and to demonstrate his willingness to change his behavioral patterns. Although Browning received some good and fair ratings, in addition to his poor ratings, the shared observation among the NICI staff was that Browning's behavior was manipulative. Additionally, the reports of the psychologist and social worker indicated that

Browning presented a high risk of re-offending and was not amenable to treatment. Based on its review of these reports, the Jurisdictional Review Committee issued a recommendation that the court relinquish jurisdiction in Browning's case. We find no abuse of discretion in the district court's adherence to that recommendation and, accordingly, we affirm the order relinquishing jurisdiction and executing the modified sentence.

### Conclusion

We conclude that Browning's plea of guilty was voluntarily made and therefore valid. We uphold the district court's order denying Browning's motions for new counsel and to disqualify the district judge, and we conclude that Browning's sentence of confinement was reasonable. Accordingly, the judgment of conviction, including the twenty-seven year sentence, is affirmed.

SWANSTROM and SILAK, JJ., concur.