## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 37535

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 397 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 16, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BARRY WILLIAM BAKER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order revoking probation and requiring execution of unified six-year sentence with three-year determinate term for possession of a controlled substance, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

---

PER CURIAM

Barry William Baker pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c). The district court imposed a unified six-year sentence with a three-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Baker on supervised probation for three years. Subsequently, Baker admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence without retaining jurisdiction. Baker appeals, contending that the district court abused its discretion by failing to retain jurisdiction for a second time, and by denying his Rule 35 motion.

1

The decision as to whether to place a defendant on probation or, instead, to relinquish jurisdiction is committed to the discretion of the sentencing court. *State v. Hernandez*, 122 Idaho 227, 230, 832 P.2d 1162, 1165 (Ct. App. 1992); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990); *State v. Toohill*, 103 Idaho 565, 567, 650 P.2d 707, 709 (Ct. App. 1982). Therefore, a decision to relinquish jurisdiction will not be disturbed on appeal except for an abuse of discretion. *State v. Chapman*, 120 Idaho 466, 472, 816 P.2d 1023, 1029 (Ct. App. 1991). The court's discretionary decision is guided by I.C. § 19-2521. That statute provides that the court may order imprisonment if,

> having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, [the court] is of the opinion that imprisonment is appropriate for the protection of the public because: (a) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime.

In determining whether to relinquish jurisdiction, as in making other sentencing decisions, a sentencing judge is entitled to consider a broad range of relevant evidence, and the scope of its inquiry is largely unlimited as to either the type or source of information. *State v. Gallipeau*, 128 Idaho 1, 5, 909 P.2d 619, 623 (Ct. App. 1994); *State v. Bivens*, 119 Idaho 119, 120, 803 P.2d 1025, 1026 (Ct. App. 1991). Applying these standards, and having reviwed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Baker's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, the district court's order revoking probation and executing sentence, and the district court's order denying Baker's Rule 35 motion, are affirmed.