739 P.2d 435

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert E. CASE, Jr., Defendant-Appellant.**

**No. 16582.**

Court of Appeals of Idaho.

June 24, 1987.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from an order revoking probation. Robert Case admitted violating the terms of his probation by using marijuana and by failing to comply with restrictions relating to an intensively supervised probation program. On appeal, Case contends the district court abused its discretion by not ordering additional counseling and treatment instead of revoking probation. He also asserts that the district judge showed bias against him. For reasons explained below, we conclude that the district judge did make some unfortunate statements concerning Case, but that these statements did not render the proceedings as a whole unfair, nor did they lead to an inappropriate result. Accordingly, we affirm the district court's order.

The following facts appear in the record. Case pled guilty to first degree burglary and was sentenced to a five-year term in prison with the district court retaining jurisdiction for 120 days. He had a prior record of juvenile and adult offenses. Apparently deeming him to be an escape risk, the Board of Correction kept Case at the "main yard" of the Idaho State Correctional Institute near Boise, rather than sending him to the usual evaluation facility at Cottonwood, Idaho. Nevertheless, his evaluation report was favorable, with the evaluation committee unanimously recommending probation. The district court suspended Case's sentence and placed him on a program of intensive probation in April, 1986. Among other terms of probation, Case was required not to use any controlled substances unless prescribed by a doctor, and he was not to leave or remain away from his residence without permission from his probation officer. Ten days after being placed on probation, Case tested positive for marijuana use. The following month Case began leaving his residence without contacting his probation officer. In June 1986, a report of probation violation was filed, detailing Case's repetitive marijuana use and at least eight unauthorized absences from his residence. At his probation revocation hearing, Case admitted to the reported violations. The district court revoked Case's probation and ordered execution of the five-year sentence, again retaining jurisdiction for 120 days. The court also recommended to the Board of Correction that Case be placed at a facility for treatment of his drug abuse problem. The propriety of ordering a second period of retained jurisdiction has not been challenged by the state.

■ At the outset, we note that the district court may, in its discretion, revoke probation at any time during the probationary period if the defendant has violated any of the terms of the probation. I.C. § 20–222. In a probation revocation proceeding two questions are posed: (1) did the probationer violate the terms of his probation, and if so, (2) should probation be revoked? *State v. Bell,* 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982). Here, since Case admitted the violations, no further inquiry of the first question is required. As to the second question, by revoking probation, the district court essentially concluded that probation thus far had not been successful, and that a period of incarceration was necessary to protect society and to enhance the possibility of Case's eventual rehabilitation.

■ The transcript of the probation revocation hearing reveals that the district court thoroughly reviewed Case's failure to abide by the terms of his probation. The court discussed at length Case's violations and his apparent inability to follow the court's and his probation officer's instructions. Case's response to questions about the drug violations indicated he had continued to associate with friends who used drugs and who made controlled substances available to him. Although Case has directed his argument on appeal primarily toward his alleged drug problem, the district judge noted that Case's probation revocation resulted not only from the drug problem, but also from inability or unwill-

ingness to follow the rules of intensive probation. Moreover, we are unpersuaded by Case's contention that the district court should have ordered enrollment in a drug abuse program as an alternative to incarceration. We note that, when Case admitted to his probation officer that he was using drugs, the officer told him to contact the Port of Hope drug treatment center for inpatient care. Although Case failed to immediately go to that facility when advised to do so, he did later contact the center, but then failed to return for treatment. Case now contends the district court should have ordered him admitted to that same treatment facility as an alternative to incarceration. Having failed to avail himself of that opportunity while on probation, we find it implausible for Case to now argue that the court abused its discretion by failing to order him to the facility.

We now turn to the contention that the judge was biased. There are, indeed, puzzling statements by the judge in the record. After initially sentencing Case and retaining jurisdiction the first time, the judge wrote the following in response to a form inquiry from the Board of Correction:

> I feel sorry for Mr. Case. He has never had any parent supervision or guidance. He has always been in trouble and probably always will be.... He is so immature, so unorthodox, I really do not believe he can change, if ever, in 120 or 180 days. I only want him to have every chance available to become a law-abiding citizen. He truly is a pleasant person. He really is a victim of society. He is an example of society's failures.

This mixture of compassion and condemnation was reflected again during the probation revocation hearing. There the district judge said:

> COURT: I think the only reason you got out of the penitentiary in the first place was because you were at the main yard, and they're overcrowded. So I'm going to do something I've never done before.

I'm going to send you back to the Board of Corrections, but I'm going to retain my jurisdiction for another 120 days and recommend that you go to Cottonwood or Orofino, and that the Board of Corrections pays attention to my recommendations on sentencing. And that is that they get all your prior evaluations and give you the help you need so you quit being a menace to society, because that's all you are. That's all we're going to do, if I ever see you again, is warehouse you. You're going to the pen for the maximum, and it's going to be fixed so you can't get out on parole. Do you understand?

DEFENDANT: Yes, sir.

COURT: So you get one more chance, one more little chance. And I better never see you again in this courtroom, because I'll tell you, or if it's another judge, "That boy needs to be warehoused." We've talked about it time and time again about how many times I prosecuted you as a prosecutor and now I have to see you as a judge.[1] What am I going to do to you to cause you to change or turn around? What's going to happen? Are you going to have to be warehoused?

DEFENDANT: Well, not really.

COURT: Do you know what's meant by "warehouse"?

DEFENDANT: Yes; in confinement.

COURT: You've been warehoused most of your life, haven't you?

DEFENDANT: Yes.

COURT: This is the last chance. We don't have a perfect society around here, and you're not entitled to a perfect life. You're not entitled to counseling. You are only supposed to obey the rules and regulations of society. That's your last chance. You either obey the rules and regulations of society, or you live in the penitentiary for the rest of your life. Do you understand?

DEFENDANT: Yes, sir.

---

1. No issue has been raised in this appeal concerning the propriety of the judge presiding over a case involving a defendant who had been formerly prosecuted while the judge served as a county attorney.

Thus, the district judge gave Case a second chance for probation after a period of evaluation. But the judge also made an explicit threat to see to it—or to urge another judge to see to it—that Case would spend the rest of his life in prison without possibility of parole "if I ever see you again."

It is wholly understandable that Case derived an impression of bias from these remarks. We do not condone them. However, when we examine the record as a whole, and measure the judge's words against his actions, we find the dominant theme to be one of concern for Case, coupled with a judicial sense of frustration. Although some of the judge's words were ill-chosen, we think there was no lack of fundamental fairness in the proceedings. The outcome may not have been what Case desired, but it was manifestly reasonable under the circumstances.

The order of the district court, revoking Case's probation and directing execution of the five-year sentence, subject to retained jurisdiction, is affirmed.