747 P.2d 94

**Billy Dean WILLIAMS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**Nos. 16631, 16665.**

Court of Appeals of Idaho.

Dec. 17, 1987.

686

G. LaMarr Kofoed, Public Defender, Fruitland, for petitioner-appellant.

Jim Jones, Atty. Gen., by Peter C. Erbland, Deputy Atty. Gen., Boise, for respondent.

## PER CURIAM.

These are consolidated appeals from two district court decisions summarily dismissing a total of three applications for post-conviction relief. We are asked to decide whether the court erred in denying relief from a judgment that imposed an allegedly excessive sentence and that was based upon an allegedly involuntary plea. We also must examine the procedure followed by the court in summarily dismissing the applications. For reasons explained below, we conclude that the summary dismissals were proper.

The facts are straightforward. Billy Dean Williams pled guilty and was convicted of a robbery committed while he was on probation for a prior burglary. His plea on the robbery charge was accompanied by an admission that he had violated the terms of his probation. Pursuant to a negotiated agreement, the prosecutor recommended that any sentence for the robbery be concurrent with the reinstated sentence for the burglary. The court imposed a ten-year indeterminate sentence for the robbery and ordered execution of a previously suspended five-year indeterminate sentence for the burglary, to be served concurrently. Williams did not appeal or seek a sentence reduction under I.C.R. 35.

Nearly a year later, Williams applied for post-conviction relief. Counsel was appointed to represent him. While the application was pending, Williams—acting *pro se*—filed a second application. The state moved for summary dismissal of both applications. The district court, Hon. Wayne P. Fuller presiding, convened a hearing to determine whether either application presented any genuine issue of material fact. At this hearing Williams' attorney indicated that he had conferred with his client and that the gravamen of the two applications was a request for reduction of the robbery sentence.

Subsequently, Judge Fuller issued a proposed set of findings of fact and conclusions of law, together with a proposed order dismissing the applications in twenty days, pursuant to I.C. § 19–4906(b). Within the twenty-day period, Williams filed another *pro se* pleading, this one denominated as a "Supplement to Post Conviction Relief and Motion in Opposition to States [sic] Motion to Dismiss and Order." The document alleged, in essence, that Williams' guilty plea had been involuntary. Judge Fuller held that the document contained no facts germane to the sentencing issue framed by the pending applications. Accordingly, he dismissed those applications but he directed that the new document be treated as a third application for post-conviction relief. The Hon. Jim R. Doolittle was assigned to determine the merits of the third application.

The state moved for dismissal of the third application. A hearing on the motion was held by Judge Doolittle. Finding no genuine issue of material fact raised by the application, Judge Doolittle entered an order of dismissal pursuant to I.C. § 19–4906(c). These consolidated appeals followed.

We first consider Williams' argument that Judges Fuller and Doolittle denied him due process by dismissing his applications without evidentiary hearings. We perceive the issue to be one of procedural due process. It is well recognized that the government cannot infringe upon a liberty interest without notice and an opportunity to be heard. Here, Williams received notice from the court regarding the proposed dismissal of his first two applications, and he was served notice of the state's motion to dismiss the third. He had an opportunity to be heard on those proposed or requested dismissals. The denial of evidentiary hearings was predicated upon an absence of genuine issues of material fact. A post-conviction application may be dismissed summarily where its allegations, even if true, would not entitle the applicant to relief. *E.g., Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). Accordingly, we find no procedural defect in the dismissals. We now turn to the substantive allegations of an excessive sentence and an involuntary plea.

The sentencing issue is governed by *Ramirez v. State,* 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). In that case we held that a claim of excessive sentencing must be made by a motion under I.C.R. 35, unless the sentence is unlawful. Here, no claim was made that the ten-year robbery sentence was outside statutory limits or that it constituted cruel and unusual punishment proscribed by the Eighth Amendment to the United States Constitution. Rather, Williams claimed that the robbery sentence was harsh, albeit lawful. This affords no basis for post-conviction relief. *Id. See also* I.C. § 19–4901.

We now consider Williams' contention that his guilty plea on the robbery charge was involuntary. In the document treated as a third application for post-conviction relief, Williams alleged that his attorney (a lawyer different from his present counsel) "deliberately intimidated" him into entering a plea. In an affidavit supplementing this document, Williams stated the following:

> Shortly before my criminal case was to come to trial [defense counsel] came to see me in the Payette County jail. He advised me to change my plea to Guilty, and told me that the prosecutor would not plea bargain, and that I had better plead Guilty or else the prosecutor would be sure to convict me and would get a fixed-term sentence. He told me these things in a very strong and coercive manner, and I felt I had no choice but to plead Guilty. Since then, I have learned more about the law, and I believe I had defenses that could have been raised at trial, and I very possibly would have been acquitted. I plead guilty only because of ignorance, fear, and intimidation.

Williams did not specify the "defenses that could have been raised."

In our view, these allegations clearly fall short of establishing a genuine issue regarding involuntariness. It appears that defense counsel described a potentially unhappy outcome if Williams insisted on going to trial. Despite the allegation that he had been told the "prosecutor would not plea bargain," a negotiated agreement was in fact struck. Williams entered a plea and the prosecutor, in return, recommended that the robbery sentence run concurrently with the burglary sentence. There was no agreement regarding the length of the sentence. Before accepting Williams' plea, the judge specifically stated that he was not bound by the terms of any bargain and that a consecutive sentence could be imposed. Williams said he understood. The court, in fact, imposed a concurrent sentence as contemplated by the plea bargain. Williams' eventual displeasure with the length of the sentence affords no basis to determine that his plea was entered involuntarily. Accordingly, we conclude that the third application framed no genuine issue of material fact. It was properly dismissed.

The orders of the district court, summarily dismissing each of the three applications for post-conviction relief, are affirmed.