796 P.2d 1023

Alan Lee **BRANDT,**
**Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 18178.

Supreme Court of Idaho.

Sept. 5, 1990.

---

Chisholm & Bradley, Burley, for petitioner-appellant. John A. Bradley, argued.

Jim Jones, Atty. Gen., and James E. Leuenberger (argued), Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

Alan Lee Brandt pled guilty to charges of grand theft, grand theft by disposing of stolen property, and second degree burglary. He was sentenced to twelve years indeterminate on each of the grand theft convictions and five years indeterminate on the burglary conviction, with all sentences to run concurrently. The sentences were upheld by the Court of Appeals. *State v. Brandt,* 109 Idaho 728, 710 P.2d 638 (Ct. App.1985) (*Brandt I*).

After he had entered his plea, but before sentence had been imposed, Brandt escaped from jail. Upon his recapture he was charged with escape, injury to jail property, assault, and robbery. A jury convicted him on these charges. In addition the jury found Brandt guilty of being a persistent violator based upon the earlier theft and burglary convictions.

As a result of the persistent violator finding, Brandt was sentenced to twenty years for the escape. The judge also imposed sentences of two years for injury to jail property, ninety days for assault and ten years for robbery. The sentences for escape, jail injury, and assault were to be served concurrently with each other but consecutive to the sentences imposed for the earlier theft and burglary convictions. The robbery sentence was to be served consecutively to the sentence for escape. Thus the total possible sentence was forty-two years indeterminate.

Brandt appealed the finding of persistent violator status and asserted that the sentences imposed by the trial court were harsh and excessive. The Court of Appeals affirmed both the application of the persistent violator statute and the sentences. *State v. Brandt,* 110 Idaho 341, 715 P.2d 1011 (Ct.App.1986) (*Brandt II*).

On July 27, 1988, four years after his original conviction, Brandt filed two petitions for post-conviction relief. Brandt asserted numerous arguments that he had previously made on appeal, and in addition alleged that new evidence which was not available at prior proceedings, namely, evidence of his change of attitude and rehabilitation, justified the reduction of his sentences. The district court held that it would not, and could not, reconsider issues already resolved on appeal. It also held

that it did not have jurisdiction to reduce Brandt's sentence under either I.C.R. 35, because of the rule's 120 day limitation, or I.C. § 19–4901(a)(4), because the statute permits only vacation of sentence, not reduction. Brandt appeals from these rulings.

## I. PERSISTENT VIOLATOR CONVICTION

■ The statutory constraint on presenting claims and issues in post-conviction proceedings is not as broad as the case law doctrine of res judicata. *Parsons v. State,* 113 Idaho 421, 745 P.2d 300 (Ct.App.1987). However, a petition for post-conviction relief does not require a trial court to consider again issues which were raised and decided on direct appeal. *Paradis v. State,* 110 Idaho 534, 716 P.2d 1306 (1986).

■ The question of whether the persistent violator statute (I.C. § 19–2514) was appropriately applied under the circumstances of this case was raised by Brandt in the context of his direct appeal, and the issue was thoroughly discussed by the Court of Appeals. *State v. Brandt,* 110 Idaho 341, 715 P.2d 1011 (Ct.App.1986). While Brandt has made a very interesting argument on this issue, i.e., that the persistent violator statute should not apply to a defendant who has not had the opportunity to rehabilitate himself, he has not demonstrated that this is a new *issue,* as opposed to a novel argument concerning an issue previously raised and decided on appeal. Seemingly, he presents a new theory which he wants applied to an old issue. Brandt has also failed to offer any reason for his failure to make this argument during the direct appeal. The trial court therefore properly denied Brandt's petition on this issue.

## II. REDUCTION OF SENTENCE

■ The trial court was also correct in asserting that it had no jurisdiction to reduce Brandt's sentence. A claim that a sentence is unduly harsh affords no basis for post-conviction relief if the sentence is otherwise legal. *Williams v. State,* 113 Idaho 685, 747 P.2d 94 (Ct.App.1987).

Post-conviction relief proceedings are designed to permit a challenge to an underlying conviction or to an *illegal* sentence; they are not intended as a means of pursuing a collateral attack upon the manner in which the trial court exercised its sentencing discretion. *See Ramirez v. State,* 113 Idaho 87, 741 P.2d 374 (Ct.App.1987). Brandt has requested a reduction in sentence based on post-conviction, post-sentencing changes in his attitude and behavior. Changes in the defendant's character which occur *after* a valid conviction is entered and a legal sentence has been imposed are not within the scope of Idaho Code § 19–4901.

■ Neither does I.C.R. 35 provide the trial court with jurisdiction to grant the relief Brandt has requested. It is true that evidence concerning a defendant's rehabilitative progress can be considered in the context of a Rule 35 motion. *State v. Rundle,* 107 Idaho 936, 694 P.2d 400 (1984); *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct.App.1984). However, that consideration is limited by the 120–day jurisdictional limit imposed by the rule. While we applaud Brandt's efforts to rehabilitate himself, we do not agree with his assertion that the judicial system should include or improvise a mechanism whereby a sentence can be reexamined in light of a person's efforts at rehabilitation. Such a mechanism within the judicial system would clearly violate the separation of powers, Idaho Constitution art. 2, by allowing the judiciary to encroach upon the pardoning and paroling authority of the executive branch, Idaho Constitution art. 4, § 7, and the power of the legislature to establish suitable punishment. *See Standlee v. State,* 96 Idaho 849, 538 P.2d 778 (1975); *Spanton v. Clapp,* 78 Idaho 234, 299 P.2d 1103 (1956). *See also State v. Eighth Jud. Dist. Ct.,* 85 Nev. 485, 457 P.2d 217 (1969).

The district court committed no error, and we affirm its decision. In doing so, however, we join with the trial court in observing that "[s]hould [Brandt's rehabilitative] progress and improvement in attitude continue over the next several years,

this court believes that an adjustment by the Commission for Pardons and Parole of Mr. Brandt's overall sentence would be indicated." Tr. at 88.