832 P.2d 1157

**Guadalupe Linares RUIZ,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19349.**

Court of Appeals of Idaho.

June 26, 1992.

Van G. Bishop, Nampa, and Ismael Chavez, Caldwell, for appellant. Ismael Chavez argued.

Larry EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen., for respondent. Kevin P. Cassidy argued.

SWANSTROM, Judge.

Pursuant to a plea agreement, Guadalupe Linares Ruiz pled guilty to one count of delivery of a controlled substance, heroin, and another count was dismissed. Ruiz received a twenty-year sentence requiring a minimum of ten years' incarceration. He was also ordered to pay $10,026.50 in fines and costs. No appeal was taken from the judgment, but several months later Ruiz sought post-conviction relief. Following a hearing, the district court denied Ruiz's application for relief and he appeals.

Because Ruiz appeals from the order denying his application for post-conviction relief, we can address only issues which were properly raised within the ap-

plication. An application for post-conviction relief cannot be used as a substitute for a direct appeal. *Dionne v. State,* 93 Idaho 235, 459 P.2d 1017 (1969). In addition, "any claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings." *Parsons v. State,* 113 Idaho 421, 425, 745 P.2d 300, 304 (Ct.App.1987). In his brief, Ruiz raises the issue of whether his sentence is appropriate, i.e., whether the district judge abused his sentencing discretion by imposing an unduly harsh sentence. Our case law indicates that we will not address this issue because "[a] claim that a sentence is unduly harsh affords no basis for post-conviction relief if the sentence is otherwise legal." *Brandt v. State,* 118 Idaho 350, 352, 796 P.2d 1023, 1025 (1990) (citing *Williams v. State,* 113 Idaho 685, 747 P.2d 94 (Ct.App.1987)); [1] *see also* I.C. § 19–4901. Because the sentence does not exceed the statutory maximum of life imprisonment, and no contention is made that the sentence is otherwise illegal, we refuse to address this issue. *See* I.C. § 37–2732(a)(1)(A).

■ Our scope of review is further limited by the arguments and issues Ruiz presents in his brief and through oral argument on appeal. *Murray v. Farmers Ins. Co.,* 118 Idaho 224, 796 P.2d 101 (1990). In his application for post-conviction relief, Ruiz asserted that he had been denied the effective assistance of counsel. However, the district court found no merit to this claim and Ruiz does not challenge that ruling in this appeal.

■ Ruiz has raised one issue in his application for post-conviction relief relating to his sentence which is properly before this Court. He contends that his procedural right to due process was violated by the manner in which the sentencing proceedings were conducted. This issue, broadly stated, suggests a sentence that was imposed in violation of certain constitutional rights and, therefore, "subject to collateral attack" under I.C. § 19–4901. Arguably,

this issue could have been raised on a direct appeal from the judgment of conviction; however, the record in such an appeal would not be as complete on this issue as the record which has been made in the post-conviction proceedings. Accordingly, we will review the issue here.

■ Ruiz contends that, because the sentence imposed exceeds the sentence the judge indicated he had anticipated imposing, the judge violated his due process rights. The sentencing hearings took place on four separate days. Apparently, in chambers, on the second morning, the judge indicated his probable sentence to counsel. As the judge later recalled his statement on the record, he had told counsel that based upon the presentence investigation, "[t]he appropriate sentence [is] something in the neighborhood of a fixed two years, to be followed by a subsequent eight years, for a total of ten years in the Idaho State Board of Corrections."

The district judge was not inclined to grant probation or order a period of retained jurisdiction; however, he encouraged counsel for Ruiz to show how a 120–day period of retained jurisdiction would benefit the defendant and society. In an effort to persuade the judge to be more lenient, Ruiz testified at the sentencing hearing. He was cross-examined extensively about his involvement in drug activity, including uncharged drug transactions. During Ruiz's testimony, he was asked many questions by the district judge, and both the prosecuting attorney and the judge at times indicated their beliefs that Ruiz was not being forthright or truthful. On one such occasion, the judge told Ruiz, "no more half truths and no more falsehoods or lies or you're going to prison for the rest of your life." Other witnesses testified in aggravation and mitigation. After hearing all of this testimony, and following a dialogue with the defendant, the judge imposed a twenty-year sentence

---

1. Ruiz's application for post-conviction relief mentions that he had filed an I.C.R. 35 motion for relief from the sentence. We presume that the motion was denied, but no disposition of the motion is shown, and no issue is raised in respect to the motion.

with a fixed period of ten years' incarceration.

Ruiz contends that because the court and his counsel failed to inform him that the judge might impose a harsher sentence than was initially indicated by the judge, he testified without being forewarned of this potential for an increased penalty. Ruiz cites no authority indicating that this constitutes a deprivation of his due process rights.

Our record does not include a transcript of Ruiz's entry of his guilty plea. However, at the post-conviction relief hearing, Ruiz's former counsel testified that both he and the judge had informed Ruiz that the maximum penalty was life imprisonment. The only accompanying understandings or conditions with respect to the entry of the guilty plea were that the second count would be dismissed and the state would not ask for life imprisonment. Ruiz has failed to show how the alleged lack of forewarning of a possible enhancement of sentence from the judge's initial indication constitutes a violation of his due process rights.

■ Ruiz also contends that the increased sentence from the judge's prior indication, based on the judge's perception of Ruiz's credibility, was inappropriate. Ruiz maintains that the judge's perception of Ruiz's lack of truthfulness may be due to mistakes in translation, Ruiz's limited ability to speak and understand English, errors in memory, and nervousness. Ruiz concedes that a sentencing judge may consider the truthfulness of a defendant as a sentencing factor in regard to the defendant's prospects for rehabilitation. *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978) (sentencing judge treated defendant's false testimony at trial as an aggravating factor). However, Ruiz contends that the judge increased his sentence from that initially proposed solely for the purpose of enhancing his sentence. Ruiz contends that the judge essentially imposed additional punishment for the substantive offense of perjury, and

he asserts that such increased punishment is a violation of due process. *See In re Perez*, 84 Cal.App.3d 168, 148 Cal.Rptr. 302 (1978). We disagree.

First, Ruiz does not contradict the state's argument that there existed many significant contradictions and inconsistencies in his testimony at the sentencing hearing. Moreover, other than the suggestion that problems arose from the use of an interpreter and mere confusion with the proceedings, Ruiz does not contradict the state's argument and judge's conclusion that his inconsistent and less than forthright testimony resulted from a willingness on his behalf to mislead the court. Therefore, we need not outline the numerous inconsistencies in detail.

We note that Ruiz was given ample opportunity to respond to questions, and was not rushed. The sentencing hearing was conducted on four separate days, with the judge specifically ordering recesses and continuing the hearing so that Ruiz could confer with counsel. In all, five state witnesses and five defense witnesses testified. The proceedings were reported in 240 pages of transcript.

The interpreter testified at the post-conviction relief hearing that she was under the impression that Ruiz did understand the proceedings and questions at his sentencing. The record reflects an unwillingness on the part of Ruiz to disclose the true extent of his association with drugs. Initially, Ruiz testified that he did not recall whether he had sold drugs prior to the transaction for which he pled guilty. Then he gradually increased the involvement he admitted to, finally stating that he had "fronted" or sold drugs, not to consumers, but to other dealers maybe ten or fifteen times. Ruiz was similarly reluctant to admit the extent of his own drug use.

The record reflects that the judge took into account several factors in imposing the sentence, and that the sentence was not imposed as punishment for lying under oath.[2] The judge stated:

---

2. Ruiz's complaints raised in the post-conviction proceeding may have been avoided, or at least somewhat alleviated, had the judge during the sentencing hearing taken a more cautious approach to involving himself in the interrogation of Ruiz. *See* 1 ABA *Standards For Criminal Justice*, § 6–3.4 (2d ed. Supp.1986); *State v.*

The Court has considered the criteria for imprisonment set forth by the statute. That there's an undue risk that you will commit another crime based upon your character and attitude at this time; that you are in need of correctional treatment in an institution; that a lesser sentence than what I plan to give you would depreciate—decrease—the seriousness of your crime; that the imprisonment I intend to give you will punish you and will discourage you from committing crimes in the future and the imprisonment I give to you will discourage your family and your friends ... from them becoming involved in similar types of fronting heroin or any other drug.... You are a substantial wholesaler because you can get a hold of one ounce of heroin in a consumer market where the usual sales are less than ... a quarter of a gram or less than one gram.

It is clear from the judge's comments that he did not rely solely upon Ruiz's challenged testimony in imposing the sentence. *See State v. Nooner,* 114 Idaho 654, 759 P.2d 945 (1988) (court's consideration when sentencing of defendant's denial of guilt after conviction was proper). Moreover, the judge noted Ruiz's prospects for rehabilitation:

> After several hours of asking you questions we were finally able to make you take a partial step to rehabilitation, that is becoming a good, law-abiding citizen when you admitted not only selling the $4,000 of heroin but also admitted your own drug problems from your own usage, but that's only a partial step. You still haven't taken the total step and the first step to rehabilitation, and that is admitting openly and honestly 100 percent of your involvement.

At his post-conviction relief proceeding, Ruiz had the burden of proving, by a preponderance of the evidence, the allegations which he contended entitled him to relief. *Larkin v. State,* 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). The district court found that, as a matter of law, Ruiz had not met his burden of proof for the allegations con-

*Case,* 112 Idaho 1136, 739 P.2d 435 (Ct.App. 1987).

tained in his application for post-conviction relief. A finding that a party has not met his burden of proof is entitled to great weight and will not be set aside absent a showing that the finding is clearly erroneous. *Id.* We hold that the district court's order denying Ruiz's application for post-conviction relief is not clearly erroneous.

Accordingly, we affirm.

WALTERS, C.J., and SILAK, J., concur.