904 P.2d 574

**Kim Ray EVANS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 21793.**

Court of Appeals of Idaho.

Oct. 25, 1995.

Whittier, Souza and Clark, Chartered, Pocatello, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

In this case we are asked to review the denial of an application for post-conviction relief. After reviewing the record and the applicable law, we affirm.

## I.

## FACTS AND PROCEDURE

Kim Ray Evans was charged with two counts of burglary for incidents which occurred May 5, 1990, and November 15, 1990. The complaint on these charges was amended in January of 1993 to two counts of first degree burglary. I.C. §§ 18–1401, –1402, –1403 (1972).[1] Evans was later charged with another burglary, which occurred on January 2, 1993. I.C. §§ 18–1401, –1403 (1992).[2]

The prosecution dismissed the November 1990 charge. Evans pled guilty to the May 1990 and January 1993 burglaries. A consolidated sentencing hearing was held on April 9, 1993. The district court imposed a unified term of thirteen years, with a three-year minimum period of incarceration for the May 1990 first degree burglary. For the January 1993 burglary, the district court imposed a unified sentence of ten years, with a three-year minimum period of confinement. The sentences were to run concurrently. When the order of conviction and judgment was entered on April 13, 1993, the sentences for the two crimes were transposed due to a clerical error.

Evans filed an application for post-conviction relief on two grounds. First he claimed the sentence imposed for the January 1993 burglary was illegal because it exceeded the statutory maximum. Second Evans alleged that both sentences constituted cruel and

---

1. The statute in effect at the time these crimes were committed bifurcated burglary into first and second degree burglary. The maximum sentence for first degree burglary was fifteen years.

2. The statute in effect on January 2, 1993, provided a maximum term of ten years, with no gradations of burglary.

unusual punishment for the crimes charged. In response to Evans' claim of an illegal sentence for the 1993 burglary, the state moved to amend the order and judgment. The district court held a telephone conference hearing on the state's motion to amend and on Evans' post-conviction relief application.

The district court granted the state's motion to amend the judgment to accurately reflect the sentences imposed. The district court then denied Evans' application for post-conviction relief. Evans appeals.

## II.

## ANALYSIS

Evans asserts on appeal that the district court erred in denying his application for post-conviction relief. His application for post-conviction relief alleged that the sentence for the January 1993 burglary was illegal. He now asserts that the amended sentences, although legal, are unreasonable. He further asserts that his sentences constitute cruel and unusual punishment.

■ The Uniform Post–Conviction Procedure Act provides a civil remedy for those convicted of criminal offenses in certain situations. I.C. § 19–4901. Among these situations is the imposition of cruel and unusual or illegal sentences. I.C. § 19–4901(a). An application for post-conviction relief under I.C. § 19–4901 is a special proceeding, civil in nature, and is an entirely new proceeding, distinct from the criminal action which led to the conviction. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Nellsch v. State*, 122 Idaho 426, 430, 835 P.2d 661, 665 (Ct.App.1992). Like a plaintiff in a civil action the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990).

■ In his application for post-conviction relief, Evans alleged that his sentence for the 1993 burglary was illegal. Illegal sentences are appropriately addressed in post-convic-

tion proceedings. I.C. § 19–4901(a). The sentence for the 1993 burglary, in the initial written judgment of the district court, was greater than the allowable statutory maximum. I.C. § 19–1403 (1992). However, on December 15, 1994, the district court issued a new judgment which conformed to its oral pronouncement of sentence and corrected the clerical error that resulted in the illegal sentence. Therefore, Evans' argument on the illegality issue is now moot.

■ As a result, Evans now argues on appeal that his sentences, although legal, are excessive. The appropriate means for challenging the reasonableness of a sentence imposed by a trial court is a direct appeal. Idaho Appellate Rule 14(a) allows forty-two days to appeal a conviction and sentence. The Uniform Post–Conviction Procedure Act:

> ... is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction. Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

I.C. § 19–4901(b). A claim that a sentence is unduly harsh does not itself raise a substantial doubt regarding the guilt of the applicant. Such a claim affords no basis for post-conviction relief. I.C. § 19–4901(a); *Ruiz v. State*, 122 Idaho 222, 223, 832 P.2d 1157, 1159 (Ct.App.1992); *Williams v. State*, 113 Idaho 685, 687, 747 P.2d 94, 96 (Ct.App.1987).

Further, Evans did not raise the excessiveness of the sentences in his application for post-conviction relief. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Therefore, we will not consider Evans' claim on appeal that the sentences, as originally imposed, were excessive.

■ Finally, Evans argues that his sentences violate the Eighth Amendment of the United States Constitution. He claims that prior to sentencing, the district court should have considered such factors as his eligibility for a residential treatment program for his drug addiction and his obligations to his wife and children.

■ The Idaho Supreme Court has recognized the proportionality test under the Eighth Amendment, as dictated by *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and modified by *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). The Idaho Supreme Court held, consistent with *Harmelin,* that before assessing the proportionality of a sentence under the Eighth Amendment, the reviewing court must first "make a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality." *State v. Matteson,* 123 Idaho 622, 626, 851 P.2d 336, 340 (1993), *quoting Brown,* 121 Idaho at 394, 825 P.2d at 491. If the initial comparison of the crime and the sentence indicates that the sentence is grossly disproportionate, then further proportionality review is appropriate. The reviewing court will, then, examine sentences in this and other jurisdictions to determine if, in comparison, the term of confinement imposed is disproportionate and therefore a violation the Eighth Amendment rights of the criminal defendant. *Harmelin,* 501 U.S. at 959, 111 S.Ct. at 2682; *Matteson,* 123 Idaho at 626, 851 P.2d at 340. It is the fixed portion of the sentence that is treated as the term of confinement for purposes of this analysis. *Matteson,* 123 Idaho at 626, 851 P.2d at 340. The burden of demonstrating that a sentence is cruel and unusual is on the person asserting the constitutional violation. *State v. Clay,* 124 Idaho 329, 332, 859 P.2d 365, 368 (Ct.App.1993).

After he pled guilty, Evans was sentenced to concurrent fixed terms of confinement of three years. An initial comparison of this sentence to the crimes committed by Evans is the first step in the proportionality analysis set forth in *Harmelin.* The maximum statutory penalties for the burglaries were fifteen and ten years, respectively. I.C. § 19-1403 (1972) and I.C. § 19-1403 (1992). The minimum-three year sentences Evans received were well below the maximum twenty-five years of incarceration the district court could have imposed through consecutive sentences.

The district court considered the mitigating factors of Evans' drug addiction and familial demands. The district court found however, that in light of repeated commission of the same felony, incarceration was necessary. Upon this threshold comparison, we conclude that the Evans' sentences are not grossly disproportionate to the crimes committed. Therefore, we need not conduct any further proportionality review. The sentences imposed by the district court did not constitute cruel and unusual punishment under the Eighth Amendment.

### III.

### CONCLUSION

Evans' claim that the district court initially imposed an illegal sentence for the 1993 burglary is now moot. Evans' argument that his sentences are excessive is not appropriately raised in a post-conviction relief proceeding and was not addressed below, so we will not review his sentences on appeal. Further, Evans failed to present evidence that his sentences are grossly disproportionate to the crimes committed. Hence, we affirm the district court's denial of Evans' application for post-conviction relief.

WALTERS, C.J., and LANSING, J., concur.