**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38239**

| | | |
|---|---|---|
| NORA ANN BARKEY, | ) | 2011 Unpublished Opinion No. 711 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 21, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Nora Ann Barkey, Pocatello, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Nora A. Barkey appeals from the district court's order summarily dismissing her application for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Barkey with escape, a violation of Idaho Code § 18-2505, after she absconded from a job site at the East Boise Community Work Center. Barkey was ultimately apprehended at a friend's residence, but only after a SWAT team was forced to use a battering ram. Pursuant to a plea agreement, Barkey pled guilty and the State agreed not to file a persistent violator enhancement. The district court imposed a determinate five-year sentence, which Barkey appealed. Barkey also filed an Idaho Criminal Rule 35 motion, which the district court denied. This Court affirmed Barkey's sentence and the Idaho Supreme Court denied her petition for review.

1

Barkey then filed a pro se application for post-conviction relief. Barkey also filed a motion for appointment of counsel, which was granted. Although counsel was allowed additional time to file an amended application, one was never filed. After the State filed an answer, the district court entered an order indicating its intent to dismiss Barkey's application. Barkey did not respond to the court's notice of intent to dismiss and the court dismissed her application. Barkey timely appealed. The court appointed counsel to represent Barkey on appeal; however, appellate counsel was allowed to withdraw.

## II.

## DISCUSSION

Barkey argues the district court erred for two reasons: (1) counsel was ineffective for failing to argue the "severity of sentence and circumstances surrounding escape"; and (2) the district court imposed an excessive sentence that was retaliatory in nature because Barkey reported that a correctional officer sexually assaulted her and the assault forced her to flee from the work center.

### A. Ineffective Assistance of Counsel Claim

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be

accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

"When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court." *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 220 P.3d 1066 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for

3

resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Id*.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Barkey claims ineffective assistance of counsel because her attorney failed to "argue the severity of sentence and circumstances surrounding escape." Barkey also alleges, for the first time on appeal, that her counsel "refused contact with me and refused to Answer <u>Any</u> of the Court Orders/Deadlines the Court gave, and failed to summons [sic] his client of his intentions" (underlining and capitalization in original). Barkey has failed to provide any evidence other than her allegations. Bare or conclusory allegations, unsubstantiated by any fact, are inadequate to entitle a petitioner to an evidentiary hearing. *King v. State*, 114 Idaho 442, 757 P.2d 705 (Ct. App. 1988). She has not established that a material issue of fact exists as to whether counsel's performance was deficient. Her own statements are conclusory and do not meet the threshold requirements to support her application. Therefore, on this basis alone, her application was properly summarily dismissed.

4

However, even if this Court grants Barkey the leniency she desires as a pro se applicant, she is also required to show that she was prejudiced by her attorney's deficiency. Once again, to establish prejudice the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. Other than Barkey stating that her sentence was excessive and her counsel was to blame, Barkey has failed to articulate, let alone demonstrate, that the outcome of her case would have been different but for her counsel's performance. The district court was correct in summarily dismissing Barkey's application for post-conviction relief because she presented no evidence of prejudice.

As the district court noted, Barkey's counsel actually argued that the alleged assault forced her to flee the work center. "If the record conclusively disproves an essential element of a post-conviction claim," or if the petitioner's allegations fail as a matter of law, summary dismissal is appropriate. *McKay v. State*, 148 Idaho 567, 570 225 P.3d 700, 703 (2010); *Workman v. State*, 144 Idaho 518, 523, 164 P.3d 798, 803 (2007); *Stuart*, 118 Idaho at 869, 801 P.2d at 1220. The fact that other trial counsel may have argued evidence differently than actual trial counsel does not demonstrate deficient performance. For the aforementioned reasons, Barkey has failed to raise a genuine issue of material fact regarding ineffective assistance of counsel.

## B. Retaliatory Sentence Claim

Barkey also claims that her sentence was excessive and retaliatory because she filed a complaint against a correctional officer. An application for post-conviction relief is designed to permit a challenge to an underlying conviction or to an illegal sentence. *State v. Heyrend*, 129 Idaho 568, 570, 929 P.2d 744, 746 (Ct. App. 1996) (citing *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990)). A judge's exercise of discretion in choosing a sentence within the lawful limits is not subject to attack by application for post-conviction relief. *Olds v. State*, 122 Idaho 976, 979, 842 P.2d 312, 315 (Ct. App. 1992). The appropriate means for challenging the reasonableness of a sentence imposed by the trial court is a direct appeal. *Evans v. State*, 127 Idaho 662, 664, 904 P.2d 574, 576 (Ct. App. 1995). Idaho Code § 19-4901 addresses the Uniform Post-Conviction Procedure Act and provides:

> This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction. Any issue which could have been raised on direct appeal, but was

not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier. . . .

I.C. § 19-4901(b).

Barkey argues that the sentence was excessive, but not illegal. The five-year determinate term, however, is within the statutory guidelines for the felony crime of escape. Likewise, Barkey was able to not only appeal the sentence, but also file an I.C.R. 35 motion to reduce it. The post-conviction application is not the correct avenue for her argument because the sentence was not above the legal limit. Moreover, other than Barkey's conclusory claim that the sentence was retaliatory for her assault claims, there is no evidence in the record to support that claim. We affirm the district court's denial of Barkey's application for post-conviction relief on the issue of whether the district court abused its discretion by imposing an excessive sentence.

## III.

## CONCLUSION

Barkey has failed to demonstrate that the district court erred in summarily dismissing her claims that her trial counsel was ineffective and that the sentence imposed was retaliatory. The order summarily dismissing Barkey's application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**