# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48581

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ELIAS MANUEL CUSTODIO,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: December 21, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Order granting in part and denying in part I.C.R. 35 motion, <u>affirmed</u>.

Elias Manuel Custodio, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Elias Manuel Custodio appeals the district court's order concluding it lacked jurisdiction to consider the portion of his Idaho Criminal Rule 35 motion challenging the decision of the Commission of Pardons and Parole (Commission) denying his parole. Because the court lacked jurisdiction to review Custodio's parole denial, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Custodio of voluntary manslaughter, Idaho Code § 18-4006(1); involuntary manslaughter, I.C. § 18-4006(2); aggravated battery, I.C. §§ 18-903(a), 18-907(1)(b); and burglary, I.C. § 18-1401. The jury also found Custodio used a deadly weapon during the course of the first three offenses, resulting in a sentencing enhancement for those offenses, I.C. § 19-2520. In February 1999, the district court imposed aggregate concurrent sentences of thirty years with fifteen years determinate.

1

Custodio appealed. This Court affirmed the judgments of conviction and the sentences for voluntary manslaughter and burglary. *State v. Custodio*, 136 Idaho 197, 209, 30 P.3d 975, 987 (Ct. App. 2001). The Court, however, concluded Custodio's convictions for voluntary manslaughter, involuntary manslaughter, and aggravated battery all arose out of the same indivisible course of conduct. *Id.* at 208, 30 P.3d at 986. As a result, this Court held the district court erred by enhancing Custodio's sentences under I.C. § 19-2520 for involuntary manslaughter and aggravated battery and remanded the case for resentencing. *Custodio*, 136 Idaho at 208, 30 P.3d at 986. On remand, the district court imposed unified sentences of ten years determinate for involuntary manslaughter and fifteen years with five years determinate for aggravated battery.

Nineteen years later, in 2020, Custodio filed a pro se Rule 35 motion, arguing his sentences were illegal. Custodio's motion primarily criticized the Commission's decision not to parole him after he served the fifteen-year determinate portion of the aggregate thirty-year sentence. The State opposed the motion with one exception. The State acknowledged Custodio's fifteen-year determinate sentence for burglary was illegal on its face because it exceeded the statutory minimum sentence of ten years.

The district court agreed with the State that Custodio's sentence for burglary exceeded the statutory minimum and was illegal on its face, and it entered an order correcting the error and sentenced Custodio to ten years determinate for burglary. The district court, however, concluded that, to the extent Custodio's motion requested discretionary reductions of his other sentences, his motion was untimely under Rule 35(b) and that the court lacked jurisdiction to review the Commission's parole decision. Custodio timely appeals, contending the Unified Sentencing Act "is an illegal statute."

## II.

## STANDARD OF REVIEW

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993). Likewise, jurisdiction is a question of law that is reviewed de novo. *State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011).

2

## III.

## ANALYSIS

Custodio asserts the Unified Sentencing Act, I.C. § 19-2513, is an illegal statute causing "systemic bias and racial disparity." According to Custodio, members of minority populations more often have parole denials and, as a result, serve more indeterminate prison time than Caucasians. Based on this assertion, he contends his sentence is illegal under Rule 35. The State argues a Rule 35 motion is not the "appropriate vehicle" to address Custodio's contention that he and other members of minority populations have experienced racial discrimination under the Act. Moreover, the State argues the district court did not have jurisdiction to review Custodio's parole denial under Rule 35. We agree with the State.

Under Rule 35(a), an illegal sentence is "a sentence that is illegal from the face of the record," and the court may correct such a sentence at any time. Rule 35(a) "only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive." *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009).

Contrary to Rule 35(a), Custodio does not claim his sentences exceed any statutory limit and his claim that his sentences are illegal under the Act is not obvious from the face of the record. Rather, Custodio's claim of illegality is that, under the Act, he has served indeterminate prison time due to racial animus allegedly underlying the Commission's parole decisions. Rule 35 is not the appropriate procedure to make this challenge, however. The Idaho Supreme Court in *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007), noted the Commission "is vested with the discretion to grant or deny parole at any time after the completion of the determinate portion of a defendant's sentence." As a result, it ruled that courts cannot intrude on this discretion when reviewing a sentence. *Id.*; *see also State v. Alvarado*, ___ Idaho ___, ___, 481 P.3d 737, 750 (2021) (noting courts cannot intrude on Commission's discretion). The Court has also cautioned against judicially reviewing "a defendant's rehabilitative progress" beyond the 120-day jurisdiction limit imposed by Rule 35(b), noting such a review would "clearly violate the separation of powers" and encroach on "the pardoning and paroling authority of the executive branch" and "the power of the legislature to establish suitable punishment." *Brandt v. State*, 118 Idaho 350, 352, 796 P.2d 1023, 1025 (1990). Accordingly, the district court lacked jurisdiction under Rule 35 to review the Commission's decision to deny Custodio parole and

3

require him to serve time under the indeterminate portion of his sentence or to challenge the Act as illegal.

## IV.
## CONCLUSION

We affirm the district court's order granting in part and denying in part Custodio's Rule 35 motion.

Judge GRATTON and Judge Pro Tem MELANSON **CONCUR**.