873 P.2d 144

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Shirley WERSLAND, Defendant–Appellant. (Two Cases)**

Nos. 20402, 20453.

Supreme Court of Idaho,
Twin Falls, November 1993 Term.

April 15, 1994.

SILAK, Justice.

This is an appeal from a sentence of vehicular manslaughter and order denying an I.C.R. 35 motion for reduction of sentence. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On June 20, 1991, the Appellant Shirley H. Wersland played in a golf tournament at the Clear Lake Country Club. Upon completing the round, Wersland returned to the clubhouse where during the next six hours she consumed five alcoholic beverages. Wersland was on the Clear Springs Grade Road in Gooding County, Idaho, returning to her home in Mountain Home when her car crossed the imaginary centerline and collided with an oncoming car driven by fifteen-year-old Angela Jackson, causing her death. Two passengers in Jackson's car, Michelle Revels and Jori Sexton, were also injured.

On September 17, 1991, Wersland was charged with one count of vehicular manslaughter in violation of I.C. § 18–4006(3)(a) or (b). On February 7, 1992, Wersland pled not guilty to the charge and a jury trial was scheduled. Wersland changed her plea to guilty on September 17, 1992, and a presentence report was ordered and a sentencing hearing scheduled.

After the presentence report was completed, Wersland objected to the inclusion of impact statements of certain alleged nonvictims. Included in the presentence report were written statements of Michelle Revels; her stepfather, Ron Revels; Jori Sexton; and her parents, Don and Cathye Sexton. On November 12, 1992, a telephonic conference call hearing was conducted on Wersland's "Motion for an Order Striking from the Presentence Report all Input from Other than the Victim," which was denied by the district court.

The sentencing hearing was conducted on November 16, 1992, at which time the district court took the testimony of Julie Jackson,

the victim's mother; Joe Torres, the victim's natural father; Wersland and her husband; and the arguments of counsel. The district court then sentenced Wersland for the crime of vehicular manslaughter in violation of I.C. § 18–4006(3)(a) or (b) for a determinate period of three (3) years, and an indeterminate period of two (2) years in the custody of the Idaho State Board of Corrections.

On December 9, 1992, Wersland moved the court for a reduction of sentence pursuant to I.C.R. 35. The district court denied the motion without prejudice at the conclusion of the hearing. On February 1, 1993, Wersland filed a Notice of Appeal from the district court's Order on Rule 35 Motion; a Motion for Release of Defendant Pending Appeal; and a second Motion for Reduction of Sentence pursuant to I.C.R. 35. A hearing was held on these motions on February 8, 1993, at which time the district court took testimony regarding the impact of Wersland's conviction and sentence on her husband's emotional and physical health. The district court denied both of Wersland's motions.

Wersland raises the following issues on appeal:

1. Whether the district court properly exercised its discretion in denying Wersland's motion to strike from the presentence report the statements of the two girls who were injured in the auto collision and the statements of their parents.

2. Whether at sentencing, the district court gave proper weight to, and properly exercised its discretion in considering, the statements of Jori Sexton, Michelle Revels, and their respective parents.

3. Whether the district court properly exercised its discretion in weighing the character and history of Wersland against the nature of her offense in sentencing Wersland to three years determinate and two years indeterminate on her guilty plea to vehicular manslaughter.

4. Whether the district court properly exercised its discretion in denying Wersland's Rule 35 motion for reduction of sentence.

## ANALYSIS

### I. THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION IN DENYING WERSLAND'S MOTION TO STRIKE FROM THE PRESENTENCE REPORT THE STATEMENTS OF THE TWO INJURED PASSENGERS AND THEIR PARENTS.

Wersland claims that the district court should not have allowed the two girls who were injured in the auto accident in which Angela Jackson was killed, Michelle Revels and Jori Sexton, and their respective parents, to submit statements to be included in the presentence report. Our standard of review on this issue is whether the district court acted with manifest disregard for I.C.R. 32 by permitting the inclusion of the statements of the girls and their parents in the presentence report. We must determine whether these statements were beyond the scope of I.C.R. 32 and whether the court abused its discretion by relying upon this information at sentencing.

Wersland contends that the statements of Michelle Revels, Jori Sexton and their parents should not have been included in the presentence report because they were not "victims" of Wersland's crime as that term is defined in I.C. § 19–5304(1)(e). This section governs restitution for crime victims. It defines "victim" as "a person or entity, named in the complaint, information or indictment, who suffers ... injury as the result of the defendant's criminal conduct and shall also include the immediate family of a minor."

I.C. § 19–5306 governs the rights of victims during the investigation and prosecution of a crime and allows for victims of felonies to have included in presentence reports a statement of the impact the defendant's criminal conduct has had upon the victim. I.C.R. 32 sets forth the standards and procedures governing presentence investigations and reports. I.C.R. 32(b) provides that whenever a full presentence report is ordered by the district court, it shall contain the victim's version of the offense where relevant to the sentencing decision.

■ Wersland argues that pursuant to these two code sections and the above rule, the only "victims" allowed to provide impact statements for the presentence report are Jackson's parents, step parents and grandparents, as they represent Jackson's immediate family. She argues that pursuant to the definition of victim in I.C. § 19–5304(1)(e); since Jori Sexton and Michelle Revels were not named in the complaint and information, they are not victims for purposes of contributing to the presentence report. The state argues that for purposes of the presentence investigation and report, the term "victim" is not limited to the definition of "victim" under I.C. § 19–5304. We agree with the state and affirm the district court's order denying Wersland's motion to strike the statements from the presentence report.

I.C. § 19–5304 does not prevent Jori Sexton, Michelle Revels and their parents from being characterized as victims. The definition of "victim" in I.C. § 19–5304(1)(e) governs the restitution for crime victims, and does not by its terms apply to presentence investigations governed by I.C.R. 32. Wersland's argument that the girls riding in Jackson's car were not victims is without merit. They were injured and hospitalized as a result of Wersland's criminal conduct (driving under the influence of alcohol) and were also witnesses to the death of their friend. Further, the fact that these girls were not named in the complaint and information is irrelevant for purposes of their impact statements. Jackson was the only victim named because Wersland was charged with vehicular manslaughter, a crime in which a death must have occurred, and Jackson was the only one in the car who died. Jori Sexton and Michelle Revels are still victims of Wersland's crime of driving under the influence of alcohol. I.C. §§ 18–8004 and 18–8006. Thus, pursuant to I.C.R. 32(b)(1), the information contained in the presentence report conformed with the requirements of Idaho law.

Wersland also argues that the district court's discretionary decision to deny her motion for an order striking from the presentence report all input from other than Jackson's family was based upon an erroneous legal principle. Wersland claims that she based her motion on I.C.R. 32(b)(1) and that the district court denied the motion based upon I.C.R. 32(e). She argues that I.C.R. 32(e) serves as a modifier of 32(b), *i.e.*, that while I.C.R. 32(b) sets forth the "contents" of the presentence report, I.C.R. 32(e) provides that within the "contents" of the presentence report, information of a hearsay nature may be included, if reliable, and that the sentencing judge has the discretion to consider material "contained" in the presentence report that would have been inadmissible under the rules of evidence applicable at trial. Wersland argues that what I.C.R. 32(e) does not do is empower the district court with discretion to modify the "contents" provision of I.C.R. 32(b) by allowing non-victims' statements to be included in the presentence report. We disagree.

Contrary to Wersland's assertion, nowhere does the record before the Court reflect that the district court denied her motion to strike based upon I.C.R. 32(e). This is an erroneous statement. Second, Wersland's argument that the district court's discretionary decision was based upon an erroneous legal principle is irrelevant because of this Court's holding above that Michelle Revels and Jori Sexton are victims of Wersland's crime, and that they and their parents' statements were properly included in the presentence report and considered by the district court.

## II. THE DISTRICT COURT GAVE PROPER WEIGHT TO AND PROPERLY EXERCISED ITS DISCRETION IN CONSIDERING THE STATEMENTS OF JACKSON'S PASSENGERS AND THEIR PARENTS AT SENTENCING.

Wersland contends that the district judge abused his discretion in sentencing by considering, as he stated, "vindicating the victim and reassuring society and imposing just moral blame" in fashioning Wersland's sentence. Wersland claims that "vindicating the victim and reassuring society" and "imposing just moral blame" are not criteria allowed to be considered by the court in imposing a sentence.

■ A period of confinement is reasonable if, at the time of sentencing, it appears

necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992) (quoting *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982)). Although the trial courts are to consider these four criteria when determining a sentence, they are not required to use only the specific words contained in these objectives and no others when articulating the sentence they are imposing. In the present case, the court clearly relied on the factors listed in *Broadhead, supra.* The fact that the court expressed these factors somewhat differently than stated in the *Broadhead* opinion does not constitute an abuse of discretion. In any event, the phrases used by the court, "vindicating the victim" and "imposing just moral blame", are simply alternative ways of stating the fourth objective, punishment or retribution for wrongdoing. Thus, we hold that the district court did not erroneously apply the principles set forth in *State v. Broadhead, supra.*

Wersland also argues that the district court placed undue reliance on the impact statements of the alleged "non-victims" and that her case should therefore be remanded. We disagree. As we held above, I.C. § 19–5304(1)(e) does not necessarily limit victims to be only those named in an information or complaint. In this case, Jori Sexton, Michelle Revels and their families were victims of Wersland's crime of driving under the influence of alcohol. They submitted impact statements to the presentence investigator, as they were entitled to do under I.C. § 19–5306, which were then included in the presentence report.

The contents of a presentence report are mandated by Supreme Court rule. I.C.R. 32. Additionally, a sentencing court has broad discretion in determining what evidence to admit at a sentencing hearing. *Sivak v. State,* 112 Idaho 197, 214, 731 P.2d 192, 209 (1986); *State v. Johnson,* 101 Idaho 581, 584, 618 P.2d 759, 762 (1980); *State v. Kerrigan,* 123 Idaho 508, 511, 849 P.2d 969, 972 (Ct.

App.1993); *State v. Bivens,* 119 Idaho 119, 120, 803 P.2d 1025, 1026 (Ct.App.1991). *See also State v. Chapman,* 120 Idaho 466, 470, 816 P.2d 1023, 1027 (Ct.App.1991) ("A sentencing judge may properly conduct an inquiry broad in scope, largely unlimited, either as to the kind of information he may consider or the source from which it may come.") I.C. § 19–5306, entitled "Rights of victim during investigation and prosecution of the crime," sets forth a list of "specific rights of the victim in the investigation or prosecution of a criminal case", and "provides statutory support for a broad-based inquiry during sentencing." *State v. Kerrigan,* 123 Idaho at 510, 849 P.2d at 971. We therefore hold that the district court appropriately considered the impact statements of the surviving victims and their parents and gave them proper weight.

## III. AT SENTENCING, THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION IN WEIGHING WERSLAND'S CHARACTER AND HISTORY AGAINST THE NATURE OF THE OFFENSE.

█ Wersland argues that under *Broadhead, supra,* the imposition of the three year determinate sentence was unreasonable and that the district court's decision was therefore an abuse of discretion because the court found that society would not have to be protected from Wersland because the commission of another crime was not likely to take place. We disagree and hold that the district court did not abuse its discretion in sentencing Wersland to a three year determinate sentence.

█ In order to show that the district court abused its discretion by imposing the sentence that it did, Wersland must show that the sentence was unreasonable upon the facts of the case. *Broadhead,* 120 Idaho at 145, 814 P.2d at 405. The reasonableness of a sentence is determined by looking to the probable length of confinement. *Id.* In reviewing a sentence imposed under the Unified Sentencing Act, an appellate court is to treat the fixed portion of the sentence as the term of confinement. *Id.* at 146, 814 P.2d at 406, *quoting State v. Kysar,* 116 Idaho 992,

999, 783 P.2d 859, 866 (1989). The district court in the present case imposed a fixed sentence of three years, which under *Broadhead, supra,* is the term of confinement for purposes of our review.

The record shows that the district court properly focused upon the nature of the offense and Wersland's character in sentencing her, and considered the four sentencing factors. Although the court stated that society did not need to be protected from Wersland because her risk of reoffense was small, nevertheless, the other sentencing factors, particularly deterrence and retribution, as the district judge noted, supported the sentence of a term of incarceration. Not all of the sentencing factors, even the most important factor of protection of society, need be advanced by a sentence if the sentence is appropriate in light of one or more than one such criterion. Accordingly, we find the sentence reasonable and conclude that the district judge did not abuse his discretion.

## IV. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING WERSLAND'S RULE 35 MOTION.

Wersland argues that the district court abused its discretion by denying her motion under I.C.R. 35 for a reduction of her sentence. Specifically, Wersland contends the district court abused its discretion by failing to consider evidence of the adverse effect of Wersland's sentence upon her husband's mental and physical condition.

At the time of Wersland's sentencing, the district court had certain information regarding Mr. Wersland contained in the presentence report. The presentence report indicated that Mr. Wersland is retired from the U.S. Air Force and has been classified one hundred percent (100%) disabled due to cardiac problems and past open heart surgery. There were also two notes by Wersland's treating physician stating that Mr. Wersland had been devastated and hurt by Mrs. Wersland's charge.

After Wersland was sentenced, she filed a motion for reduction of sentence along with an affidavit of Mr. Wersland's physician, Dr. Michael Tallman, which stated that for two years prior to Mrs. Wersland's sentencing, he had treated Mr. Wersland on an outpatient basis at a mental health clinic. Dr. Tallman stated that two days after Mrs. Wersland was sentenced, Mr. Wersland was admitted for inpatient psychiatric treatment at the Boise VA Medical Center because his condition had been exacerbated by his wife's situation. Mr. Wersland spent two weeks in the hospital. The district court denied Wersland's motion at the hearing held on December 15, 1992, after considering the information presented in Dr. Tallman's affidavit.

■■■ "A motion to reduce a sentence pursuant to I.C.R. 35 is essentially a plea for leniency, and a decision on such a motion is vested within the sound discretion of the sentencing court." *State v. Lavy,* 121 Idaho 842, 845, 828 P.2d 871, 874 (1992); *State v. Hernandez,* 121 Idaho 114, 117, 822 P.2d 1011, 1014 (Ct.App.1991). On appeal, our responsibility when considering the denial of a Rule 35 motion for reduction of a sentence is to examine the record before the Court, including evidence presented in connection with the motion to determine whether the trial court abused its discretion in denying the leniency requested. *State v. Lavy,* 121 Idaho at 845, 828 P.2d at 874. With respect to Wersland's first Rule 35 motion, and the district court's denial of said motion at the hearing held December 15, 1992, we hold that the court did not abuse its discretion in failing to grant the leniency requested. The court clearly took into consideration Mr. Wersland's mental state and the hardship imposed on him by Mrs. Wersland's incarceration. However, the court found that although her incarceration is emotionally painful for them both, the sentence is fair.

■■■ Wersland filed a second motion under I.C.R. 35 which was also denied by the district court. With respect to Mrs. Wersland's appeal from the denial of this second motion, we dismiss this appeal. Although the district court ostensibly denied the first motion "without prejudice" inviting Wersland to refile another Rule 35 motion later, the court had no jurisdiction to do so. I.C.R. 35 provides that "no defendant may file more than one motion seeking a reduction of sen-

tence under this Rule". I.C.R. 35 clearly prohibits the filing of more than one motion for a reduction of sentence. Therefore, the district court lacked jurisdiction to entertain successive motions under this rule.

## CONCLUSION

We hold that the district court properly exercised its discretion in denying Wersland's motion to strike from the presentence report the statements of the surviving victims of the auto collision and their parents, and that the court gave the appropriate weight to such statements at sentencing. We further hold that the district court did not abuse its discretion in weighing Wersland's character and history against the nature of the offense and that based upon the facts of this case, the sentence was not unreasonable. Finally, we hold that the district court did not abuse its discretion in denying Wersland's motion under I.C.R. 35, because although the court was presented with some new information regarding the mental and emotional health of Wersland's husband, the court carefully considered such information but still believed that its original sentence was the appropriate one under the circumstances of this case. We dismiss Wersland's appeal on the denial of her second motion for leniency under I.C.R. 35 because the court lacked jurisdiction to rule on such a motion. The sentence and order of the district court is therefore affirmed.

McDEVITT, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.