929 P.2d 744

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lanny HEYREND, Defendant–Appellant.**

**No. 22332.**

Court of Appeals of Idaho.

Oct. 30, 1996.

Randall D. Schulthies, Bannock County Public Defender; David R. Martinez, Deputy Public Defender, Pocatello, for defendant–appellant.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for plaintiff–respondent.

PERRY, Judge.

Lanny Heyrend appeals from the district court's order revoking probation and executing a sentence imposed for burglary. He contends the district court abused its discretion by entering the order, and he also challenges the denial of an I.C.R. 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

In April 1992, Heyrend pled guilty to one count of burglary. I.C. §§ 18–1401, –1402. The district court imposed a six-year unified sentence, with a minimum period of incarceration of two years. The district court retained jurisdiction for 180 days, and Heyrend was sent to participate in the rider program at the North Idaho Correctional Institution (NICI).

After Heyrend completed evaluation at NICI, the jurisdictional review committee recommended that the district court relinquish jurisdiction. Nevertheless, the district court suspended the sentence and, following a hearing, placed Heyrend on five years' probation in January 1993.

Approximately six months later, Heyrend's probation officer filed a report of violation. The district court held a hearing, revoked Heyrend's probation, and ordered execution of the sentence. At this hearing, however, the district court also granted Heyrend's oral I.C.R. 35 motion for reduction of sentence and reduced the fixed portion of his sentence from two years to twenty months.

In May 1994, Heyrend filed an application for post-conviction relief arguing that, because he had served the fixed portion of his

sentence and parole had been denied by the parole board, the district court should intervene and release him from the Idaho State Correctional Institution. After a hearing, the district court agreed to recommend that the parole board reconsider the denial and grant Heyrend parole. The district court also consented to reconsider releasing Heyrend if the parole board ignored the court's request or took no action on it within thirty days.

In August 1994, Heyrend filed a motion asking the district court to reconsider his request for post-conviction relief and place him on probation since the parole board had not granted parole. In October 1994, without objection from the Department of Corrections or the prosecutor, Heyrend was returned to the district court for a hearing on his motion to reconsider. The district court ordered the suspension of Heyrend's sentence and again placed him on probation, this time for two years.

In May 1995, Heyrend's probation officer filed a report of violation. The district court held a hearing and on June 23, 1995, revoked probation and ordered execution of the sentence as modified previously. The district court also denied Heyrend's oral Rule 35 motion to further reduce the remaining portion of his sentence.

In July 1995, Heyrend filed a third Rule 35 motion which was summarily denied by the district court. Heyrend filed a timely appeal from the order revoking probation and directing execution of his sentence.

## II.

## ISSUES

As his issues on appeal, Heyrend contends that the district court abused its discretion by revoking Heyrend's probation and ordering execution of his sentence. He also argues that the district court erred in denying the motion to reduce his sentence which was made during the hearing on June 23, 1995. In response, the state has raised a threshold issue relating to the propriety of Heyrend's appeal.

## III.

## ANALYSIS

### A. Order Revoking Probation

The state argues that the district court was without jurisdiction to grant Heyrend's application for post-conviction relief which removed him from the custody of the Department of Corrections and placed him on probation. The state contends that because of this jurisdictional defect, the order of October 1994 placing Heyrend back on probation, and all subsequent proceedings based thereon, are a nullity and therefore Heyrend is not entitled to appellate relief from the order revoking his probation.

An application for post-conviction relief is designed to permit a challenge to an underlying conviction or to an illegal sentence. *Brandt v. State*, 118 Idaho 350, 796 P.2d 1023 (1990). A claim attacking the sentence as unduly harsh will not be addressed if the underlying sentence is legal. *Id.*; *Ruiz v. State*, 122 Idaho 222, 832 P.2d 1157 (Ct.App.1992); *see* I.C. § 19–4901. The basis of Heyrend's application was that he wanted judicial relief from the parole board's denial of parole. Heyrend's application stated that Heyrend "has served the fixed portion of his sentence ... yet [he] remains in the custody of the Idaho State Board of Corrections, continuing to serve the indeterminate portion of his sentence at the Idaho State Penitentiary," and that "he is entitled to an order of this court granting him RELEASE from the Idaho State Penitentiary to serve the balance of his sentence on parole." Because Heyrend did not state a claim entitling him to invoke the jurisdiction of the district court, the district court did not have the power to suspend Heyrend's sentence and grant him probation.

The case before us is similar to the jurisdictional issue raised in *State v. Chapman*, 121 Idaho 351, 825 P.2d 74 (1992). In *Chapman*, the district court granted probation under a Rule 35 motion to a defendant who was in the custody of the Department of Corrections. The order was granted twenty-nine months after the Rule 35 motion was timely filed. The Idaho Supreme Court held

that the district court lost jurisdiction because it did not timely rule on the Rule 35 motion. The Supreme Court held that the district court, in exercising jurisdiction when it did not properly have it, "usurped the constitutional duties of the parole commission." *Id.,* 121 Idaho at 355, 825 P.2d at 78. The district court's order placing the defendant on probation was reversed and the case was remanded to the district court with an order to return the defendant to the custody and control of the Department of Corrections.

As in *Chapman,* the district court in this case lacked jurisdiction to remove Heyrend from the custody of the Department of Corrections and grant him probation. The order was not made by a prompt ruling on a timely and properly filed Rule 35 motion, but on an application for post-conviction relief filed more than ten months after Heyrend was committed to the custody of the Department of Corrections. Heyrend's post-conviction application may not be used to obtain a reduction of a legal sentence, and it failed to state a claim entitling him to relief. *See Brandt,* 118 Idaho at 351, 796 P.2d at 1024; *Bure v. State,* 126 Idaho 253, 880 P.2d 1241 (Ct.App.1994). Because the district court improperly exercised its power over Heyrend, the district court usurped the constitutional duties of the executive branch. Therefore, we hold that because the district court lacked jurisdiction to grant Heyrend probation in the first instance, there is no merit in his challenge to the order which later revoked that probation.

■ Heyrend also contends however that the state waived its jurisdictional challenge because neither the state nor the Department of Corrections asserted the jurisdictional defect at the time Heyrend was placed on probation and released from the custody of the Department of Corrections, and the state took no appeal from that order. Heyrend argues that because the state waived the jurisdictional challenge, the state is precluded from asserting it on this appeal.

■ The issue of whether a court has exceeded its subject matter jurisdiction is never waived and purported judgments entered by that court, acting without subject matter jurisdiction, are void and subject to collateral attack. *Sierra Life Insurance Co. v. Granata,* 99 Idaho 624, 626, 586 P.2d 1068, 1070 (1978); *See Andre v. Morrow,* 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984). As noted by the Idaho Supreme Court in *Sierra Life:*

> Furthermore, because of the serious ramifications and consequences which could follow from a court acting without jurisdiction over the subject matter, we recognize that it is important to keep that concept clearly defined. For example, the defense of lack of jurisdiction over the subject matter is never waived (I.R.C.P.12(h)); purported judgments entered by a court without jurisdiction over the subject matter are void and as such are subject to collateral attack, and are not entitled to recognition in other states under the full faith and credit clause of the United States Constitution (Restatement of Judgments, § 7 (1942)).

*Sierra Life,* 99 Idaho at 626–27, 586 P.2d at 1070–71. The concept of a void judgment, however, must be narrowly restricted in the sound interest of finality. *Gordon v. Gordon,* 118 Idaho 804, 807, 800 P.2d 1018, 1021 (1990), *citing* 7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE AND PROCEDURE ¶ 60.25[2] (1990).

> [E]xcept for the rare case where power is plainly usurped, if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, *whether right or wrong,* are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned.

*Id., quoting* 7 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE AND PROCEDURE ¶ 60.25[2] at 60–229 to 230 (1990). *See also* RESTATEMENT (SECOND) OF JUDGMENTS § 12 (1982).

Because the district court usurped the constitutional duties of the executive branch of government when it removed Heyrend from the custody of the Department of Corrections and granted him probation, we hold the state is not precluded from asserting its jurisdictional challenge. Consequently, the district court's October 1994 order placing Heyrend

on probation was void and subject to collateral attack. Thus, the district court's June 1995 order revoking probation cannot constitute reversible error.

In addition, we note that an application for post-conviction relief is civil in nature, and the Idaho Rules of Civil Procedure apply. *Paradis v. State,* 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). Thus, the state's jurisdictional challenge may properly have been considered by the district court under I.R.C.P. 60(b)(4). Rule 60(b) states, in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void.... The motion shall be made within a reasonable time.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding....

See *Puphal v. Puphal,* 105 Idaho 302, 306, 669 P.2d 191, 195 (1983) (void judgment is a ground for relief under I.R.C.P. 60(b)(4)).

Rule 60(b) claims are generally made by motion to the trial court in the original action. However, as Rule 60(b) expressly provides, a court is not limited by the rule in its power to entertain an independent action to relieve a party from a judgment, order or proceeding. The state's jurisdictional challenge may have been raised in the post-conviction action. The state's failure to directly raise Rule 60(b) in the post-conviction action does not, however, preclude its challenge pertaining to the order revoking probation in the criminal action.

Because we affirm the district court's June 1995 order revoking probation and executing sentence on the grounds that the district court lacked jurisdiction to grant the probation in the first instance, we need not address Heyrend's further assertions in this regard.

## B. Order Denying Rule 35 Relief

■ Heyrend argues that the district court erred in denying his Rule 35 motion made at his second probation revocation hearing to reduce the remaining portion of his indeterminate sentence by one-half.

Heyrend contends that because his indeterminate term was excessive and therefore unreasonable, reinstatement of the sentence was an abuse of discretion.

The district court earlier had granted a Rule 35 motion at Heyrend's first probation revocation hearing and reduced Heyrend's fixed term of incarceration from twenty-four months to twenty months. The district court denied Heyrend's subsequent Rule 35 motion made at the second probation revocation hearing.

■ Rule 35 provides that "no defendant may file more than one motion seeking a reduction of sentence under this Rule." See *State v. Wersland,* 125 Idaho 499, 504–05, 873 P.2d 144, 149–50 (1994). The rule clearly prohibits the filing of more than one motion for a reduction of sentence. *Id.,* 125 Idaho at 505, 873 P.2d at 150. Because Heyrend's Rule 35 motion made at the second probation revocation hearing was a successive Rule 35 motion, the district court properly denied it. Therefore, Heyrend's challenge to the denial of his second Rule 35 motion must also be rejected under *Wersland.*

### III.

### CONCLUSION

We affirm the district court's order revoking Heyrend's probation because the district court did not have jurisdiction to remove Heyrend from the custody of the Department of Corrections and to grant him probation in the first instance. We also reject Heyrend's challenge to the denial of his second I.C.R. 35 motion made at his second probation revocation hearing because it was a successive I.C.R. 35 motion. Accordingly, the orders of the district court are affirmed.

WALTERS, C.J., and LANSING, J., concur.